[No. 43016.    En Banc.    August 22, 1974.]

THE STATE OF WASHINGTON, *on the Relation of Martin Marietta Aluminum, Inc.,* Respondent, v. WALT WOODWARD *et al.,* Appellants.

*Slade Gorton, Attorney General, Charles B. Roe, Jr., Senior Assistant,* and *William H. Clarke* and *Wick Dufford, Assistants,* for appellants.

*Helsell, Paul, Fetterman, Todd & Hokanson,* by *John R. Stocker* and *Larry Setchell,* for respondent.

BRACHTENBACH, J.—The court is called upon to interpret two statutory provisions which appear to be ambiguous and inconsistent. They concern the type of hearing to be held on an appeal to the Pollution Control Hearings Board (PCHB or Board) from an order of the Department of Ecology (DOE).

The PCHB was created by Laws of 1970, 1st Ex. Sess., ch. 62, codified as RCW 43.21B. Its purpose is

to provide for a more expeditious and efficient disposition of appeals with respect to the decisions and orders of the

department and director and with respect to all decisions of air pollution control boards or authorities established pursuant to chapter 70.94 RCW.

RCW 43.21B.010.

The act provides for two types of hearings on appeals before the Board, informal and formal, but does not clearly delineate the distinction between them. RCW 43.21B.150-.160. The Board has adopted a rather general statement of its concept of the difference between informal and formal hearings, in WAC 371-08-150.[1]

In contrast, RCW 43.21B.180 is very clear in marking substantially different modes of judicial review of the decisions of the PCHB. A decision emanating from an informal hearing is reviewed de novo in superior court while a formal hearing decision is narrowly reviewable as provided in the administrative procedures act, RCW 34.04.

That difference in the scope of judicial review is the crux of this case. The respondent, Martin Marietta Aluminum, Inc., was assessed civil penalties by DOE for alleged violations of air pollution control standards. It appealed to the Board and requested an informal hearing. The DOE intervened and asked for a formal hearing. As indicated, if an informal hearing is held, Martin Marietta will have a right to a trial de novo in superior court if it elects to appeal from the decision of the Board. The trial court issued a writ

---

[1]"WAC 371-08-150 HEARINGS—TYPES OF HEARINGS. The statute creating the Board contemplates two kinds of hearings, informal and formal, without any indication as to what the distinction should be, but with very different provisions for the review of orders entered.

"(1) Informal hearings, like the informal conferences, permit a wider latitude in the exploration of possibilities of settlement and agreement, but the orders of the Board when entered, are no less binding upon the parties than those which follow a formal hearing. Appeal from the Board's order in such hearing is to the Superior Court and then directly to the Supreme Court.

"(2) Formal hearings, as distinguished from informal hearings, will be more strictly limited to the determination of the issues of fact and law as developed at the pre-hearing conference. Appeal from the Board order in such hearings is direct to the Court of Appeals."

of mandate directing the Board to grant an informal hearing. We reverse.

The two sections of the act in controversy are RCW 43.21B.140 and .230.

> In all appeals over which the hearings board has jurisdiction under RCW 43.21B.110 and 43.21B.120, a party taking an appeal may elect either a formal or an informal hearing, such election to be made according to rules of practice and procedure to be promulgated by the hearings board: *Provided,* That nothing herein shall be construed to modify the provisions of RCW 43.21B.190 and 43.21B.200. In the event that appeals are taken from the same decision, order, or determination, as the case may be, by different parties and only one of such parties elects a formal hearing, a formal hearing shall be granted.

RCW 43.21B.140.

> Any person having received notice of a denial of a petition, a notice of determination, notice of or an order made by the department under the provisions of this 1970 amendatory act may appeal, within thirty days from the date of the notice of such denial, order, or determination to the hearings board. The appeal shall be perfected by serving a copy of the notice of appeal upon the department or air pollution authority established pursuant to chapter 70.94 RCW, as the case may be, within the time specified herein and by filing the original thereof with proof of service with the clerk of the hearings board. If the person intends that the hearing before the hearings board be a formal one, the notice of appeal shall so state. In the event that the notice of appeal does not so state, the hearing shall be an informal one: *Provided, however,* That nothing shall prevent the department or the air pollution authority, as the case may be, within ten days from the date of its receipt of the notice of appeal, from filing with the clerk of the hearings board notice of its intention that the hearing be a formal one.

RCW 43.21B.230.

■ Martin Marietta argues that *only* section .140 is applicable when a party appeals from an order involving a *violation* and that section .230 is limited to other types of appeal. While we are unable to fathom the reasoning of the

legislature in putting the appeals procedure into two separate, somewhat conflicting, confusing and duplicative sections, we conclude that the two sections must be read together. Several reasons dictate this conclusion.

First, section .140 refers to RCW 43.21B.110, which specifically gives jurisdiction to the PCHB over decisions of the Department of Ecology, its director and those of various air pollution control boards or authorities. It goes on to grant jurisdiction over orders with respect to violations. Thus, section .140 gives the Board appellate jurisdiction not only of orders of violations, but also over all decisions of DOE, its director and the pollution control boards and authorities. To contend that section .140 is limited to orders with respect to violations flies in the face of the statutory language.

Second, section .230 expressly refers to appeals from an order. There is no limitation that it applies only to orders other than those respecting violations.

Third, if section .230 is deemed not applicable in appeals from violations orders there is no resolution of the question of what type of hearing is held if no one elects a particular type hearing.

Fourth, section .230 is itself deficient if there is an appeal involving different parties and one elects an informal hearing and the other a formal one. Only section .140 provides the answer.

Hence we are persuaded of the necessity of reading the two sections together. The proviso in section .230 provides that *nothing* shall prevent DOE or the air pollution authority from choosing a formal hearing. Consequently we hold that the DOE or the air pollution authority, as the case may be, has the ultimate right to choose the nature of the hearing.

We perceive several policy grounds for this result. The PCHB members are to be qualified in matters pertaining to the environment. RCW 43.21B.020. Certainly they and their staff acquire additional expertise in performing

their statutory duties. We are advised that 83 percent of all hearings before the Board have involved violation matters. We cannot believe that the legislature created what is now a full-time Board to resolve appeals from such orders only to have its resolution subject to complete de novo review in the superior courts in the vast majority of its decisions.

Next, uniform, independent review of not only the actions of the DOE but all the air pollution boards is patently preferable to fragmented and perhaps uneven results among the various superior courts in our 39 counties. Uniformity in administering the vast powers granted under our strong environmental and pollution control laws is an apparent and desirable goal of this act. That goal would be frustrated if the ultimate interpretation is vested in the several superior courts and their juries.

Finally, Martin Marietta contends that the informal hearing is more likely to achieve more flexible discussions and exploration of solutions to unique and complex environmental issues and technological problems. In essence it claims that the formal hearing route locks the parties into inevitable conflict and combat. On the contrary, the rules of the Board provide for informal conferences and prehearing conferences in both types of appeals with the declared purpose of determining the feasibility of settlement. WAC 371-08-110 through 125.

The judgment of the trial court is reversed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., concur.