[No. 44679. En Banc. August 17, 1978.]

JOE SIM, *Respondent*, v. WASHINGTON STATE PARKS AND RECREATION COMMISSION, *Appellant*.

*Slade Gorton, Attorney General, Malachy R. Murphy, Deputy,* and *Carol A. Smith, Assistant,* for appellant.

*August F. Hahn,* for respondent.

HAMILTON, J.—This is a direct appeal by the Washington State Parks and Recreation Commission from an order invalidating an administrative regulation.

Respondent Sim sought invalidation of proposed WAC 352–36–040,[1] which would have the effect of closing portions of the ocean beach highways to vehicular traffic. Alleging personal use of the beach highways to gain standing, he filed suit in Pacific County against appellant and certain officials who were charged with enforcement responsibility under the proposed regulation.

[1] "(1) Vehicular traffic shall be allowed on the ocean beaches twenty–four hours a day except as further restricted within this WAC.

"(2) Pedestrians only will be allowed during closed clam seasons on the following beaches:

"(a) On Long Beach, from the South boundary of Leadbetter Point State Park to the North boundary of Leadbetter Point State Park—Natural Area.

"(b) On North Beach, Benner Gap north to the Copalis River.

"(3) Pedestrians only shall be allowed twenty–four hours a day year round on the following ocean beaches:

"(a) On Long Beach from the North Jetty at the mouth of the Columbia River to North Head; and from the North boundary of Leadbetter Point State Park—natural area—to the end of Leadbetter Point.

"(b) On South Beach from the Bonge Approach north to the South Jetty at Point Chehalis.

"(c) On North Beach from Butter Clam Avenue south to the North Jetty at the mouth of Grays Harbor." Proposed WAC 352–36–040.

Appellant, Parks and Recreation Commission, moved to dismiss respondent's action by filing a motion under CR 12(b). It argued that exclusive venue for actions such as respondent's is in Thurston County. Appellant relied upon the language of RCW 34.04.070.

The trial judge did not agree that RCW 34.04.070 provides for exclusive venue; nor did he agree appellant's motion was appropriate. Accordingly, he considered the legal issue presented by the pleadings. With regard to the legal issue, respondent argued the proposed regulation would operate to *permanently* close a portion of the ocean beach highways. He contended this was impermissible under *State v. Wright,* 84 Wn.2d 645, 529 P.2d 453 (1974). Appellant on the other hand urged that the regulation was fully permissible under *Wright.* The trial judge, adopting respondent's view of the law and regulation, issued a judgment declaring proposed WAC 352–36–040(2)(a) and (b) and (3)(a), (b), and (c) invalid.

Appellant seeks review of both the trial judge's ruling regarding venue and the resolution of the legal issue. Since we hold it was error to refuse to grant appellant's motion based upon improper venue, we do not reach the legal issue.

In support of the contention that a change of venue lies, appellant argues that under RCW 34.04.070, which is set out below, all declaratory judgment actions seeking a determination regarding the validity of an agency rule *must* be brought in Thurston County. Respondent counters this by suggesting this action was for injunctive relief, rather than declaratory judgment. And thus he argues RCW 34.04.070 is inapplicable.

We note respondent's initial pleading was entitled a "Claim for Injunctive Relief"; however, he specifically requested relief in the form of a judgment declaring the questioned regulation void. No evidence was presented which would establish the requisites for injunctive relief. Nor were any findings of fact entered in that regard. A review of the pleadings clearly indicates the nature of

respondent's action. It is primarily a petition for a declaratory judgment seeking a determination regarding the validity of an agency rule; injunctive relief is, at best, secondary. RCW 34.04.070 is clearly applicable.

RCW 34.04.070 states, in pertinent part:

(1) The validity of any rule *may be determined upon petition for a declaratory judgment thereon addressed to the superior court of Thurston county,* when it appears that the rule, or its threatened application, interferes with or impairs or immediately threatens to interfere with or impair, the legal rights or privileges of the petitioner. The agency shall be made a party to the proceeding. The declaratory judgment may be rendered whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question.

(Italics ours.)

The trial judge and respondent viewed the italicized language as merely permissive of venue in Thurston County. Appellant argues that this statute provides for a single and exclusive place of venue.

■ We believe appellant has correctly read the statutory language. In our view the use of the word "may" in this statute operates to grant permission to bring the pertinent petition in a certain form. The form is that of a declaratory judgment. If a party chooses to bring a declaratory judgment petition challenging the validity of a state agency rule, the statute provides only one place in which to file it: Thurston County. Thus, the provision for venue is clearly *exclusive* unless, under some other statutory provision, the legislature has authorized venue elsewhere.

The trial judge appears to have concluded alternative venue is provided for by RCW 4.92.010, which states:

Any person or corporation having any claim against the state of Washington shall have a right of action against the state in the superior court. The plaintiff in such action shall, at the time of filing his complaint, file a surety bond executed by the plaintiff and a surety company authorized to do business in the state of Washington to the effect that such plaintiff will indemnify the state against all costs that may accrue in such

action, and will pay to the clerk of said court all costs in case the plaintiff shall fail to prosecute his action or to obtain a judgment against the state: *Provided,* That in actions for the enforcement or foreclosure of any lien upon, or to determine or quiet title to, any real property in which the state of Washington is a necessary or proper party defendant no surety bond as above provided for shall be required.

The venue for such actions shall be as follows:

(1) The county of the residence or principal place of business of one or more of the plaintiffs;

(2) The county where the cause of action arose;

(3) The county in which the real property that is the subject of the action is situated;

(4) The county where the action may be properly commenced by reason of the joinder of an additional defendant; or

(5) Thurston county.

■ The provisions of this statute permitting venue outside of Thurston County were enacted by the 1973 amendments to RCW 4.92.010 (Laws of 1973, ch. 44, § 1, p. 107). RCW 34.04.070, the declaratory judgment statute, was enacted in 1959. We presume therefore the legislature was familiar with it when it enacted the 1973 amendments to RCW 4.92.010. *Leonard v. Bothell,* 87 Wn.2d 847, 557 P.2d 1306 (1976); *Thurston County v. Gorton,* 85 Wn.2d 133, 530 P.2d 309 (1975). The legislature did not amend or repeal RCW 34.04.070 when it passed the 1973 amendments. Thus, it is reasonable to infer a legislative intent to continue in effect the exclusive venue provision of RCW 34.04.070.

■■ This inference is consistent with sound statutory construction. RCW 34.04.070 is a statute dealing with venue in specific actions: declaratory judgments concerning validity of state agency rules. RCW 4.92.010 is a general venue statute. Since the two statutory provisions seemingly conflict, one appearing to limit venue to Thurston County and the other appearing to authorize venue elsewhere, the special statute should be given controlling effect. *Hama Hama Co. v. Shorelines Hearings Bd.,* 85 Wn.2d 441, 536

P.2d 157 (1975); *Knowles v. Holly,* 82 Wn.2d 694, 513 P.2d 18 (1973). If we were to interpret RCW 34.04.070 as merely permissive of venue in Thurston County, the explicit venue provision, and its reference to Thurston County, would in effect be surplusage. But it is a basic rule of construction that, whenever possible, statutes should be construed so that no portion is superfluous. *Smith v. Greene,* 86 Wn.2d 363, 545 P.2d 550 (1976). *Tradewell Stores, Inc. v. Snohomish County,* 69 Wn.2d 352, 418 P.2d 466 (1966).

The legislature, among other considerations, no doubt recognized that, in most instances where the validity of state agency rules is the primary issue, the files, records, and agencies affected by the challenge are centralized in Thurston County. Thus, Thurston County becomes the principal forum of convenience for such actions. Were we to hold in this case, absent express legislation to the contrary, that alternative local venue is available under RCW 4.92-.010, we would defeat this purpose of the venue limitation of RCW 34.04.070.

The soundness of providing a convenient forum, the overall statutory purpose, and the controlling effect which should be given to this special venue provision lead us to hold that a petition for declaratory judgment seeking a determination on the validity of a state agency rule under RCW 34.04.070 must be filed in Thurston County. The statute which permits such actions, RCW 34.04.070, provides the *exclusive* venue provision.

█ Appellant in this case made a timely motion based upon improper venue. It was misnamed a motion to dismiss rather than a motion for change of venue. But appellant clearly apprised the trial judge of the statutory grounds for the motion. Having been apprised that exclusive venue for a declaratory judgment action such as this was in Thurston County, it was improper for the trial judge to proceed to entertain it in Pacific County. RCW 34.04.070 gives appellant the right to have this matter determined in Thurston County. By virtue of its motion, appellant preserved this right. Therefore, it is not, as respondent suggests, a "highly

technical" approach to hold at this time that respondent's action was filed improperly and to remedy the situation.

Accordingly, the order denying appellant's motion regarding venue and invalidating the regulation is set aside. The action is remanded with directions to transfer it to the Superior Court for Thurston County for hearing on the merits.

WRIGHT, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.