[No. 6315–8–II.   Division Two.   June 13, 1984.]

THE CITY OF SEATTLE, *Respondent,* v. THE
DEPARTMENT OF ECOLOGY, *Appellant.*

*Kenneth O. Eikenberry, Attorney General, Charles B. Roe, Jr., Senior Assistant,* and *Wick Dufford, Assistant,* for appellant.

*Douglas N. Jewett, City Attorney,* for respondent.

REED, J.—This appeal presents a single, narrow issue of procedural law with no disputed facts. We must determine whether the Pollution Control Hearings Board (PCHB) has jurisdiction to determine the validity of a rule promulgated by the Department of Ecology (DOE). We hold it does not. The undisputed facts are as follows.

In September of 1979, DOE issued a regulation establishing instream flows on streams in the Snohomish River Basin. The regulation encompassed the Tolt River from which the City of Seattle (Seattle) derives a part of its water supply. Because of concerns that the instream flow

regulation on the Tolt might affect future plans for supplementing Seattle's water supply, the City appealed the adoption of the regulation to the PCHB. DOE moved to dismiss the appeal, claiming that the administrative procedure act (RCW 34.04) vests in the Thurston County Superior Court exclusive jurisdiction to issue declaratory judgments on the validity of agency rules. The PCHB agreed with DOE and refused to review the regulation.

Seattle appealed the PCHB's decision to the Thurston County Superior Court. The court reversed the agency decision by granting Seattle's motion for summary judgment on the jurisdiction issue and remanding to the PCHB for a determination of the rule's validity. DOE appeals this decision.

DOE contends that RCW 34.04.070 of the APA is the only applicable and dispositive statute conferring jurisdiction to render a declaratory judgment on the validity of an agency rule. It states in pertinent part:

(1) The validity of any rule may be determined upon petition for a declaratory judgment thereon addressed to the superior court of Thurston county, when it appears that the rule, or its threatened application, interferes with or impairs or immediately threatens to interfere with or impair, the legal rights or privileges of the petitioner. The agency shall be made a party to the proceeding. The declaratory judgment may be rendered whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question.

We agree that, except when the agency conducts its own review, this statute clearly vests jurisdiction to issue declaratory judgments on the validity of a rule in the superior court. *Cf. Sim v. State Parks & Rec. Comm'n,* 90 Wn.2d 378, 583 P.2d 1193 (1978) (Thurston County Superior Court has exclusive venue). The issue, however, is whether that jurisdiction is *exclusive.* Seattle argues that it is not, because the jurisdictional provisions of RCW 43.21B provide an equally proper alternative or parallel route of review by PCHB.

Seattle's argument that review by the PCHB is proper is

based on general statutory language granting broad appellate jurisdiction to the PCHB. RCW 43.21B.110, the introductory or basic jurisdictional statute for the PCHB states in part that:

> The hearings board shall only have jurisdiction to hear and decide appeals from the *decisions* of the department and the director . . . when such *decisions* concern matters within the jurisdiction of the hearings board as provided in this act or as provided in any future act or law granting the hearings board additional jurisdiction. The hearings board shall also have jurisdiction to hear and decide appeals from any person aggrieved by an *order* issued by the department . . . with respect to a *violation* or *violations* of this act or of any rule or regulation adopted by the department or of any other law within the jurisdiction of the department.

(Italics ours.)

The statute on which Seattle places principal reliance for concurrent PCHB jurisdiction is RCW 43.21B.130. It states:

> The administrative procedure act, chapter 34.04 RCW, shall apply to the appeal of rules and regulations adopted by the board to the same extent as it applied to the review of rules and regulations adopted by the directors and/or boards or commissions of the various departments whose powers, duties and functions are transferred by this 1970 act to the department. All other *decisions* and *orders* of the director and all *decisions* of air pollution control boards or authorities established pursuant to chapter 70.94 RCW shall be subject to review by the hearings board *as provided in this 1970 act.*

(Italics ours.) Seattle claims the authority granted to review "all other decisions and orders of the director" includes the authority to issue declaratory judgments on the validity of a DOE rule. We cannot agree.

■■ First, RCW 43.21B.110 quite obviously limits the board's jurisdiction to appeals from "law applying" or adjudicatory determinations, as contrasted with "law making" or legislative activities. That is to say, board review is restricted to appeals of "contested cases," as that term is defined in the APA. RCW 34.04.010(3). Second, RCW

43.21B.130 is *not,* in the words of RCW 43.21B.110, a "future act or law granting the hearings board additional jurisdiction." Rather, it is merely a separate section of the same chapter of the 1970 law creating the board (Laws of 1970, 1st Ex. Sess., ch. 62).[1] Thus, it is extremely unlikely the Legislature intended that both sections delineate the jurisdictional powers of the board. Third, RCW 43.21B.130 limits the board's jurisdiction to review of decisions and orders "as provided in this 1970 act." We interpret this to mean as provided in RCW 43.21B.110. Buttressing this interpretation is RCW 43.21B.140, which addresses the formality of hearings and specifically refers to "appeals over which the hearings board has jurisdiction under RCW 43.21B.110 and 43.21B.120 . . ."[2]

The PCHB, being a creature of statute, has only those powers expressly granted to it or necessarily implied therein. *Anderson, Leech & Morse, Inc. v. State Liquor Control Bd.,* 89 Wn.2d 688, 694, 575 P.2d 221 (1978). As we have demonstrated, RCW 43.21B.130 nowhere expressly grants the authority contended for. Although the statute is far from clear, one thing is certain, and that is that it neither expressly addresses nor even mentions declaratory judgments or rule review.

■ Nor do we find any basis for inferring such review authority. The PCHB's primary function is to use its environmental expertise expeditiously and uniformly to resolve pollution control controversies. RCW 43.21B.110; *State ex rel. Martin Marietta Aluminum, Inc. v. Woodward,* 84 Wn.2d 329, 333, 525 P.2d 247 (1974). Declaratory judgments on the other hand require a judicial type of review.

---

[1] An example of such a future act or law is RCW 43.21B.250, enacted in 1974, vesting the PCHB with authority to review rules implementing the State Environmental Policy Act of 1971 guidelines.

[2] RCW 43.21B.120 prohibits DOE and "air pollution control boards or authorities established pursuant to chapter 70.94 RCW" from conducting hearings on violations or licensing decisions, all such authority being vested in the PCHB, pursuant to RCW 43.21B.110.

The only grounds for invalidating a rule are that it (1) violates constitutional provisions, (2) exceeds the statutory authority of the agency, or (3) was adopted without compliance with statutory rulemaking procedures. RCW 34.04-.070(2). Because this type of review falls outside the scope of PCHB's expertise and purpose and is clearly within the sphere of judicial review, we hold it was the Legislature's intention that review of DOE rules be governed exclusively by RCW 34.04.070 until and unless some later enactment expressly provides otherwise.

There is yet another reason for holding as we do. Even if we were to agree with Seattle that RCW 43.21B.130 represents an attempt by the Legislature to expand upon the PCHB's appellate jurisdiction, we could not give it that effect.

■ DOE, being a state agency not specifically exempted from the APA, comes within the purview of RCW 34.04-.150, which states in part as follows: "[a]ll other agencies, whether or not formerly specifically excluded from the provisions of all or any part of the administrative procedure act, shall be subject to the entire act." RCW 34.04.070 is the only APA provision dealing with the review of the validity of rules adopted by covered agencies. To that extent it can be said that, at the present time, the APA provides the only and exclusive avenue for rule review. That it was so intended is evident from RCW 34.04.940, which provides in part: "[n]o subsequent legislation shall be held to supersede or modify the provisions of the Administrative Procedure Act or its applicability to any agency except to the extent that such legislation shall do so expressly."

Accordingly we agree with DOE that if we were to construe RCW 43.21B.130 in the manner espoused by Seattle, the effect would be to supersede or modify the exclusivity aspect of the agency review provisions of the APA. Because, as we have shown, the statute falls abysmally short of expressing any such purpose, such a construction would run counter to RCW 34.04.940.

The summary judgment is reversed and the PCHB's order dismissing Seattle's appeal is affirmed.

PETRICH, C.J., and PETRIE, J., concur.