[No. 13317-2-II.  Division Two.  May 6, 1991.]

LYNN M. CLARK, *Respondent*, v. RICHARD J. PAYNE, *Appellant*.

*Lindsay, Hart, Neil & Weigler,* by *Daniel A. Nye* (*William M. Tomlinson* and *Rick T. Haselton,* of counsel), for appellant.

*John A. Barlow* and *Walstead, Mertsching, Husemoen, Donaldson & Barlow, P.S.,* for respondent.

*Bruce G. Lamb, Stephen P. Larson,* and *Marcus B. Nash* on behalf of Washington Defense Trial Lawyers, amicus curiae for appellant.

*Brian P. Harnetiaux, Keith L. Kessler,* and *Robert H. Whaley* on behalf of Washington State Trial Lawyers Association, amicus curiae for respondent.

ALEXANDER, J.—Richard J. Payne appeals a partial summary judgment of the Cowlitz County Superior Court, denying him the affirmative defense of contributory fault. The defense arose from Lynn Clark's alleged failure to use a safety belt. We affirm.

The facts are not in dispute. A car accident occurred on May 10, 1987, on Interstate 5 in Cowlitz County. A vehicle driven by Payne struck Clark's vehicle from behind causing Clark's vehicle to spin out of control and go off the roadway. As a result of the accident, Clark suffered severe injuries.

Clark sued Payne for damages. Although Payne admitted negligence, he raised as an affirmative defense Clark's contributory fault for failure to wear a seat belt. Clark had previously admitted that her vehicle had fully functional safety belts and had acknowledged that she chose not to wear hers.

The parties agreed that $400,000 was fair and reasonable compensation for Clark's general and special damages. Clark then moved for partial summary judgment. She requested that the trial court dismiss the affirmative defense, and claimed that the so–called "seat–belt defense" was unavailable to offset or reduce the amount of damages owed. The case was tried to the court on stipulated facts and a judgment of $400,000 was awarded to Clark with no reduction for Clark's failure to wear a safety belt.

The sole question on appeal is this: Did the trial court err in granting partial summary judgment denying the affirmative defense of contributory fault for failure to avoid injury or to mitigate damages arising from failure to wear a safety belt?

Payne argues that the mandatory safety belt statute[1] bars introduction of safety belt evidence only to show *negligence,* but does not bar that evidence to show contributory *fault.* We disagree.

The contributory fault statute, RCW 4.22, defines fault as "acts or omissions . . . that are in any measure negligent or reckless . . .". The definition goes on, however, to say that "[t]he term also includes breach of warranty, unreasonable assumption of risk, and unreasonable failure to avoid an injury or to mitigate damages." RCW 4.22.015. Payne's position is that the additional language allows for introduction of evidence of the plaintiff's fault not amounting to negligence. He specifically argues that the defense of unreasonable failure to avoid injury or to mitigate damages is not a contributory negligence defense, but rather a defense of contributory fault and that evidence supporting such a defense would, therefore, be admissible even though evidence of negligence is barred.

■ To resolve this appeal, we turn first to principles of statutory construction. The court's primary objective is to ascertain and implement the intent of the Legislature by the language of the statute. *State v. Von Thiele,* 47 Wn. App. 558, 562, 736 P.2d 297 (citing *Service Employees Int'l Union, Local 6 v. Superintendent of Pub. Instruction,* 104 Wn.2d 344, 348, 705 P.2d 776 (1985)), *review denied,* 108 Wn.2d 1029 (1987). If the statutory language is plain and unambiguous, the court's inquiry must end because a statute's meaning must be derived from the wording of the statute itself. *Service Employees Int'l Union, Local 6 v. Superintendent of Pub. Instruction, supra* (citing *Human*

---

[1] RCW 46.61.688 reads, in part, as follows:

"(3) Every person sixteen years of age or older operating or riding in a motor vehicle shall wear the safety belt assembly in a properly adjusted and securely fastened manner.

". . . .

"(6) Failure to comply with the requirements of this section does not constitute negligence, nor may failure to wear a safety belt assembly be admissible as evidence of negligence in any civil action."

*Rights Comm'n v. Cheney Sch. Dist. 30,* 97 Wn.2d 118, 121, 641 P.2d 163 (1982). Here, RCW 46.61.688(6) clearly prohibits the plaintiff's failure to use a safety belt as evidence of negligence in a civil case. What is less clear is whether the Legislature intended the definition of negligence within that statute to be synonymous with the definition of fault found in RCW 4.22.015.

RCW 46.61.688 does not define negligence. Where unambiguous words are not defined within a statute, the court will usually ascribe to those words their plain and ordinary meaning. Intent, if ascertainable, may be of assistance but cannot override an otherwise discernible plain meaning. *Washington Pub. Util. Dists.' Utils. Sys. v. PUD 1,* 112 Wn.2d 1, 6–7, 771 P.2d 701 (1989); *North Coast Air Servs., Ltd. v. Grumman Corp.,* 111 Wn.2d 315, 320–21, 759 P.2d 405 (1988). Negligence is defined as a "failure to exercise the care that a prudent person usu[ally] exercises". *Webster's Third New International Dictionary* 1513 (1986). In addition, a plaintiff's negligence relates to a failure to use due care for his own protection. *Seattle–First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 238, 588 P.2d 1308 (1978). Consequently, a plaintiff's self-directed negligence may justify reducing his recovery in proportion to his degree of *fault. Seattle–First,* 91 Wn.2d at 238. By definition, therefore, negligence incorporates the concept of contributory fault including unreasonable failure to avoid injuries or to mitigate damages. By the plain language of RCW 46.61.688(6) such evidence is strictly barred.

Furthermore, it is a basic rule of statutory construction that, whenever possible, statutes should be construed so that no portion is superfluous, and so that strained, unlikely or absurd consequences are avoided. *State v. Neher,* 112 Wn.2d 347, 351, 771 P.2d 330 (1989); *Sim v. State Parks & Rec. Comm'n,* 90 Wn.2d 378, 383, 583 P.2d 1193 (1978). If, as argued by Payne, the evidence of "unreasonable failure to avoid an injury or to mitigate damages" is not barred, conceivably the only evidence barred by RCW 46.61.688(6) would be evidence that the

failure to wear a safety belt in some way contributed to the accident. Such a reading would, therefore, render the prohibition on the use of safety belt evidence in large part superfluous. In addition, although the Legislature chose to encourage safety belt use by enacting the mandatory safety belt statute, it also chose to limit the ramifications of failure to comply. We will not read the language of the statute so narrowly as to render the limitation on evidence useless. Instead, the spirit and purpose of the enactment will prevail over express but inept wording. *State v. Burke,* 92 Wn.2d 474, 598 P.2d 395 (1979).

Payne also argues that prior case law prohibiting the use of the seat belt defense is no longer controlling because those cases were decided prior to the legislation making the use of safety belts mandatory. We disagree.

Although prior cases held that evidence of failure to use a safety belt was inadmissible to offset damages in part because there was no law requiring the use of a safety belt, those cases also rejected the seat belt defense for other reasons, including the unfairness of reducing the damages of a plaintiff who sustains those damages in an accident for which he or she was in no way responsible. *See Amend v. Bell,* 89 Wn.2d 124, 132–33, 570 P.2d 138, 95 A.L.R.3d 225 (1977); *Derheim v. N. Fiorito Co.,* 80 Wn.2d 161, 171, 492 P.2d 1030 (1972).

In addition, the Legislature is presumed to be familiar with past judicial interpretations of its enactments, and in the absence of an indication from the Legislature that it intended to overrule the common law, new legislation will be presumed to be in line with the prior judicial decisions. *Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 887, 652 P.2d 948 (1982).

Here, not only is there no indication that the Legislature intended to overrule the common law, there is express language within the mandatory safety belt statute indicating the intent to retain the common law exclusion of safety belt evidence. Furthermore, the statutes from other states cited by Clark in support of adopting the seat belt

defense all explicitly permit evidence of failure to wear a safety belt. *See, e.g.,* Iowa Code Ann. § 321.445(4)(b) (West Supp. 1991) (evidence of nonuse of seat belt may be admitted to mitigate damages); Or Rev. Stat. § 18.590(1) (Supp. 1990) (evidence of nonuse of seat belt admissible to mitigate the injured party's damages). In contrast, our Legislature has not specifically so provided. "Had our Legislature intended a similar change it could have so provided, but it did not." *Seattle–First,* 91 Wn.2d at 237. Although there is merit to Payne's argument from a public policy standpoint, changes in public policy are best left to the Legislature as the branch of government most capable of receiving public input and resolving broad public policy questions. *See Burkhart v. Harrod,* 110 Wn.2d 381, 385–86, 755 P.2d 759 (1988). *See Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 888, 652 P.2d 948 (1982).

Affirmed.

PETRICH, A.C.J., and MORGAN, J., concur.