[No. 21834-8-II.   Division Two.   May 29, 1998.]

WATERSHED DEFENSE FUND, ET AL., *Appellants*, v. MARY RIVELAND, *as Director of the Department of Ecology*, ET AL., *Respondents*.

*Sherilyn Wells*, pro se.
*Seth M. Fleetwood*, for appellants.
*Christine O. Gregoire, Attorney General*, and *Joan M. Marchioro, Assistant*; and *Brian L. Hansen* of *Resick, Hansen & Follis*, for respondents.

HOUGHTON, C.J. — Watershed Defense Fund and Sherilyn Wells (the Fund) appeal the trial court's dismissal of their lawsuit against the Department of Ecology and its Director, Mary Riveland (the Department). The Fund sought judicial review of the Department's approval of a certain amendment to a county water and sewer plan. The Fund contends that the trial court erred in dismissing the case on grounds that the Fund failed to exhaust administrative remedies. We affirm.

## FACTS

In April 1995, pursuant to statute, Whatcom County Water District No. 10[1] (the District) adopted Amendment No. 1 to its 1991 Comprehensive Plan for water facilities. This

---

[1] Water District No. 10 is a combined water and sewer district within Whatcom County.

amendment addressed alternative means for providing wastewater facilities to serve additional housing within Whatcom County.

As required by statute and regulation, the amendment was submitted to the Department for review and approval. By letter dated August 8, 1996, the Department approved the District's proposed amendment. The letter stated that the Department's approval was subject to appeal and that any party wanting to appeal the decision could file a petition with the Pollution Control Hearings Board (PCHB) within 30 days of receipt of the approval.

On September 9, 1996, the Fund filed, in Thurston County Superior Court, a Petition for Judicial Review of the Department's approval of the amendment to the Comprehensive Plan. The Fund requested an order requiring the Department "to reassess [the Department's] approval in light of its failure to adequately address the points of law described herein below that are designed to protect the public health and water of the State of Washington."

On December 20, 1996, the State moved to dismiss the petition for lack of jurisdiction and failure to exhaust administrative remedies because the Fund did not initially seek review by the PCHB. And, appearing specially, the District moved to dismiss for failing to name it as an indispensable party. On February 10, 1997, the trial court granted the motion and dismissed the case for the failure to exhaust administrative remedies. The trial court also denied the Fund's later motion for reconsideration. The Fund appeals.

## ANALYSIS

The Fund contends that the trial court erred by dismissing its petition for failure to exhaust administrative remedies. According to the Fund, it was not required to file the appeal with the PCHB because the PCHB's jurisdiction, as set forth by RCW 43.21B.110, is insufficient to address and

provide relief for all of its claims. More specifically, the Fund asserts the approval of the amendment to the Water District's comprehensive water and sewer plan was not a "license" within the meaning of RCW 43.21B.110. We disagree.

■ ■ A party must generally exhaust all available administrative remedies before seeking relief in superior court. *Citizens for Mount Vernon v. City of Mount Vernon*, 133 Wn.2d 861, 866, 947 P.2d 1208 (1997); See RCW 34.05.534. This requirement is founded upon the principle that the judiciary should give deference to that body possessing expertise in areas outside the conventional experience of judges. The requirement thus allows the administrative process to proceed without premature interruption so the agency can develop the necessary factual background on which to reach its decision. *Phillips v. King County*, 87 Wn. App. 468, 479-80, 943 P.2d 306 (1997). This deference also affords the agency the opportunity to exercise its expertise and to correct its own errors, while at the same time properly discouraging individuals from ignoring administrative procedures by resorting to courts prematurely. *Id.* at 479-80.

■ Here, the relevant administrative body is the PCHB. The Legislature created the PCHB to provide "a more expeditious and efficient disposition of appeals" of the Department of Ecology's decisions. RCW 43.21B.010. Its "primary function is to use its environmental expertise expeditiously and uniformly to resolve pollution control controversies." *City of Seattle v. Department of Ecology*, 37 Wn. App. 819, 823, 683 P.2d 244 (1984); RCW 43.21B.110.

■ RCW 43.21B.110(c) defines the extent of the PCHB's jurisdiction to hear appeals of:

[t]he issuance, modification, or termination of any permit, certificate, or license by the department or any air authority in the exercise of its jurisdiction, including the issuance or termination of a waste disposal permit, the denial of an application for a waste disposal permit, or the modification of the conditions or the terms of a waste disposal permit.

Thus, any party seeking to appeal a permit, certificate, or license issued by the Department must file an appeal with the PCHB and serve the Department within 30 days of receipt of the decision being appealed. RCW 43.21B.310(1). Save for relief under RCW 70.105D (concerning hazardous wastes), an appeal to the PCHB is the "exclusive means" for appealing an order issued by the Department of Ecology. RCW 43.21B.310(1); *Dioxin/Organochlorine Ctr. v. Pollution Control Hearings Bd.*, 131 Wn.2d 345, 363, 932 P.2d 158 (1997).

In its petition for review, the Fund questions and challenges the Department's approval of an amendment to the Water District's comprehensive water and sewer plan. The Fund raises various issues ranging from the effects of pollution and public health caused by the planned construction and location of sewage facilities to issues involving shorelines and growth management. Essentially, all of the issues raised by the Fund address the merits of the Department's decision approving the amendment to the Water District's comprehensive plan.

■ The issue, then, is whether the Department's "approval" signifies a "license" within the meaning of RCW 43.21B.110(c), thereby triggering the PCHB's exclusive jurisdiction for initial appeal. RCW 43.21B, which governs the authority of the PCHB, does not define "license." The term is defined, however, under the Administrative Procedure Act (APA), which governs appeals arising from decisions rendered by state agencies such as the Department of Ecology. *See* RCW 34.05.030(5). Under the APA, a "license" is defined as a "franchise, permit, certification, approval, registration, charter, or similar form of authorization required by law." RCW 34.05.010(9)(a).

■■ Where a statute is clear on its face, it is not subject to judicial interpretation, and we must apply its plain meaning. *Marquis v. City of Spokane*, 130 Wn.2d 97, 107, 922 P.2d 43 (1996); *Perkins Coie v. Williams*, 84 Wn. App. 733, 736, 929 P.2d 1215, *review denied*, 132 Wn.2d 1013 (1997). Here, by the clear language of the statutory defini-

tion of "license," the Fund's petition necessarily falls within the exclusive jurisdiction of the PCHB. All of the issues ultimately challenge the Department's "approval" of the amendment to the County's comprehensive water and sewer plan.

■ Moreover, even if the administrative body may not be able to provide complete relief, that is, for all of the issues raised, the remedies may be adequate for purposes of requiring an exhaustion of administrative remedies. *See Smoke v. City of Seattle*, 132 Wn.2d 214, 225, 937 P.2d 186 (1997); *Credit Gen. Ins. Co. v. Zewdu*, 82 Wn. App. 620, 625, 919 P.2d 93 (1996), *review denied*, 130 Wn.2d 1022 (1997). So, even assuming the PCHB will not be able to provide the Fund with the precise relief for every one of the challenges to the Department's approval of the amendment, most of the issues are properly within the purview of the PCHB's specialized knowledge and ability to address factual issues concerning the Water District's comprehensive plan. And, as the doctrine of exhaustion requires, we must give the PCHB an opportunity to first develop an appropriate and intelligible factual record based upon its specialized familiarity with the subject matter at hand. *Phillips*, 87 Wn. App. at 479-80. The PCHB should be given the opportunity to clarify and elucidate issues that are necessarily within its expertise, particularly where the case involves matters that are not within the conventional knowledge of the courts.

Therefore, as the plain meaning of "license" dictates, the Fund must have first filed their petition with the PCHB, according to RCW 43.21B.310(1). The trial court properly dismissed the Fund's petition for failing to exhaust administrative remedies.

Affirmed.

MORGAN and BRIDGEWATER, JJ., concur.

Review denied at 137 Wn.2d 1009 (1999).