Judy Schurke, Director Department of Labor Industries P. O. Box 44000 Olympia, WA 98504-4000 Dear Director Schurke:
By letter previously acknowledged, you requested our opinion on a question we have paraphrased as follows:
 RCW 19.28.091(1) provides that — "[n]o license under the provision of this chapter shall be required from any utility or any person, firm, partnership, corporation, or other entity employed by a utility because of work in connection with the installation, repair, or maintenance of lines, wires, apparatus, or equipment owned by or under the control of a utility and used for transmission or distribution of electricity from the source of supply to the point of contact at the premises and/or property to be supplied — . Does the phrase — "any person, firm, partnership, corporation, or other entity employed by a utility — include multiple tiers of subcontractors where a utility employs a prime contractor to perform work that would be exempt from the licensing requirement if performed by the utility itself?
 BRIEF ANSWER
The exemption provided in RCW 19.28.091(1) applies to any entity employed by a utility to perform the type of work described in the statute, whether the electrical work is performed by the prime contractor directly or by a subcontractor acting under a contract with either the prime contractor or with another subcontractor.
 ANALYSIS
RCW 19.28 is a codification of a variety of statutes relating to electricians and electrical installations. The general coverage of the chapter is set forth in RCW 19.28.010(1), in the following language:[1]
 All wires and equipment, and installations thereof, that convey electric current . . . in, on, or about buildings or structures, except for telephone, telegraph, radio, and television wires and equipment, and television antenna installations, signal strength amplifiers, and coaxial installations pertaining thereto shall be in strict conformity with this chapter, the statutes of the state of Washington, and the rules issued by the department, and shall be in conformity with approved methods of construction for safety to life and property.
RCW 19.28.010(1) (emphasis added).[2]
The following sentence, however, provides that — "all wires and equipment that fall within section 90.2(b)(5) of the National Electrical Code, 1981 edition, are exempt from the requirements of this chapter. — RCW 19.28.010(1). The cited provision of the Electrical Code provides that:
 Installations under the exclusive control of electric utilities for the purpose of communication, or metering; or for the generation, control, transformation, transmission, and distribution of electric energy located in buildings used exclusively by utilities for such purposes or located outdoors on property owned or leased by the utility or on public highways, streets, roads, etc., or outdoors by established rights on private property.
National Electrical Code, 1981 Edition, § 90-2(b)(5).[3]
The statutes generally require any person, firm, or other entity involved with the installation or maintenance of wires and equipment that will convey electric current to have a proper license issued by the Washington Department of Labor and Industries. RCW 19.28.041(1). However, RCW 19.28.091, the statute you have inquired about, sets forth certain exemptions from the licensing requirement. First, subsection (1) of this statute (the focus of your question) exempts certain work performed by or on behalf of utilities:
 No license under the provision of this chapter shall be required from any utility or any person, firm, partnership, corporation, or other entity employed by a utility because of work in connection with the installation, repair, or maintenance of lines, wires, apparatus, or equipment owned by or under the control of a utility and used for transmission or distribution of electricity from the source of supply to the point of contact at the premises and/or property to be supplied and service connections and meters and other apparatus or appliances used in the measurement of the consumption of electricity by the customer.
RCW 19.28.091(1) (italics added).[4] There is additional language in this statute that bears on our analysis. Subsection (2) includes a licensing exemption for lines and equipment owned by a commercial, industrial, or public institution customer — "that are an integral part of a transmission or distribution system . . . providing service to such customer and located outside the building or structure — provided that the utility does not initiate the sale of services. RCW 19.28.091(2)(b). Additionally, the statute provides that — "[n]o license under the provisions of this chapter shall be required . . . because of work in connection with the installation, repair, or maintenance of wires and equipment, and installations thereof, exempted in RCW 19.28.010.— RCW 19.28.091(5) (italics added).[5]
Given these statutes, you ask whether the — "utility exemption — set forth in RCW 19.28.091 extends only to employees of a utility and to persons or firms contracting directly with the utility to perform exempt work, or extends also to various tiers of subcontractors performing such work. To answer this question, we first break the first sentence of RCW 19.28.091 into its constituent parts:
 • No licenses shall be required
 • from any utility
 • or
 • any person, firm, partnership, corporation, or other entity employed by a utility
 • because of work in connection with the installation, repair, or maintenance of lines, wires, apparatus, or equipment owned by or under the control of a utility and used for transmission or distribution of electricity from the source of supply to the point of contact at the premises and/or property to be supplied.
The heart of the sentence (its subject and verb) stems from the first words ("no licenses shall be required"), and the rest of the sentence describes the scope of the licensing exemption granted in these words. The exemption is phrased in terms of two factors: (1) the identity of the party performing the work and (2) the nature of the work performed. As to the second factor, the nature of the work, you have asked us to assume for purposes of the analysis that the work in question consists of the installation, repair, or maintenance of lines, wires, apparatus, or equipment owned by or under the control of a utility and used for transmission or distribution of electricity from the source of supply to the point of contact at the premises and/or property to be supplied. In effect, we are to assume that work is of such a nature as to qualify under this second factor so that we can concentrate on the first factor.
As to the first factor — "the identity of the party performing the work — "the statute grants a licensing exemption in the alternative to either (1) any utility or (2) any person, firm, partnership, corporation, or other entity employed by a utility. If either a utility or an entity — "employed by a utility" is performing work of the nature described in the statute, the exemption applies. Your question thus turns on the meaning of the phrase — "employed by a utility. —
We note first that the exemption surely is not limited to utilities and their own direct employees. Such a narrow reading would render the — "any person, firm . . . or entity — portion of the statute meaningless, because utilities themselves are already exempt when performing work of the type described. Statutes are read to avoid rendering any word or phrase to be surplusage. Sim v. State Parks Rec.Comm'n, 90 Wn.2d 378, 382-83, 583 P.2d 1193 (1978).[6]
The meaning here is even clearer, because the critical language was added to the statute in 1992. Laws of 1992, ch. 240, § 1. Before 1992, the statute simply exempted — "any utility — performing work in connection with the — "installation and/or maintenance of lines or wires for transmission of electricity — . Former RCW 19.28.091 (formerly codified as RCW 19.28.200) (Laws of 1980, ch. 30, § 15). The 1992 amendments added the — "any person, firm . . . employed by a utility — language, as well as expanded the — "nature of the work — portion of subsection (1). The 1992 amendments also substantially revised subsection (2) of the statute and added subsections (3), (4), and (5). Laws of 1992, ch. 240, § 1.
In construing a statute, the Court has said that the fundamental objective is to ascertain and carry out the Legislature — ™ s intent.Qwest Corp. v. City of Seattle, 161 Wn.2d 353, 363, 166 P.3d 667 (2007) (citation omitted). Review begins with the plain meaning of the statute.Id. Plain meaning is discerned from viewing the words of a particular provision in the context of the statute in which they are found, together with related statutory provisions and the statutory scheme as a whole. Burns v. City of Seattle, 161 Wn.2d 129, 140, 164 P.3d 475
(2007), citing Dep — ™ t of Ecology v. Campbell Gwinn, L.L.C.,146 Wn.2d 1, 11, 43 P.3d 4 (2002).
Here, the legislative intent behind the — "any person . . . employed by a utility — language is clear, particularly when viewed in context with the series of amendments enacted by the 1992 Legislature. The language in question established, first, that not only utilities themselves are exempt from licensing requirements when performing work of the scope described, but also any person or firm employed by a utility to perform such work. Former RCW 19.28.091(1). The[original page 5] obvious purpose of this language was to establish that the exemption applied to work performed under contract, as well as work performed by the utility itself.
The other changes made in 1992 underscore the soundness of this reading. First, the nature of the work portions of the statutory exemption were expanded to include repair work, work on apparatus or equipment, and work related to the distribution of electricity as well as its transmission. Id. Second, RCW 19.28.091(2) was expanded to exempt lines and equipment owned by a commercial, industrial, or public institution customer that are — "an integral part of a transmission or distribution system — if located outside a building or structure. Third, the statute made it explicit that no license would be required for any person, firm, or entity for work exempted in RCW 19.28.010. RCW 19.28.091(5). RCW 19.28.010, in turn, defines the scope of RCW 19.28 in terms of certain types of electrical work performed — "in, on, or about buildings or structures. — Furthermore, RCW 19.28.010 expressly exempts work that is exempt under Section 90.2(b)(5) of the National Electrical Code, and that exemption, as noted earlier, essentially includes installations under the exclusive control of electric utilities either located in buildings used exclusively for utility general and distribution purposes or located outdoors.
These provisions, read together, establish that the Legislature intended to draw a line between (1) electrical work whose purpose is to furnish electrical service to a building or structure, or to install or repair the wiring or other electrical equipment in or on such a structure, and (2) electrical work (typically performed by or for a utility) relating to the construction or operation of electrical supply and distribution systems (that is, from the point where the electrical power is generated to the point where it is supplied to a particular building or structure). The first type of work is consistently subject to the licensing requirements of RCW 19.28; the second type of work is consistently exempt from those licensing requirements.
If the term — "employed by a utility — is read to include persons or firms indirectly employed by a utility (that is, firms who are subcontracted) as well as those directly engaged for that purpose, the legislative scheme is fully satisfied — "the — "retail — work of furnishing electricity to consumers is subject to licensing under RCW 19.28, and the — "wholesale — work of constructing and maintaining general distribution systems is not.[7] However, if the term — "employed by a utility — is read narrowly to cover only those directly contracting with the utility, but not subcontractors, the result is to create an anomalous — "hybrid — system in which certain — "utility — work must be licensed under RCW 19.28 based upon whether the persons performing the work are in direct contractual privity with a utility or not. The standards governing the work performed by such contractors might be unclear, given that such work would be exempt from the licensing requirement if performed by the utility or a prime contractor.[8] Finally, it would be [original page 6] relatively easy for a utility to manipulate the licensing requirement by deciding whether to have electrical work performed under a direct contract with the utility or by a subcontractor. It seems highly unlikely that the Legislature intended to rest the licensing exemption on the utilities — ™ business judgment in how to manage a given project.
Given these reasons, we conclude that the term — "employed by — should be given the meaning — "to make use of — (Webster — ™ s Third NewInternational Dictionary 743 (1981)) rather than any narrower construction. So long as the work in question would be exempt from licensing under RCW 19.28 if performed by the utility itself, it remains exempt where performed by another party contracted (directly or indirectly through subcontractors) by the utility and acting on the utility — ™ s behalf.[9]
We trust that the foregoing information will be of assistance to you.
Sincerely,
ROB MCKENNA Attorney General
JAMES K. PHARRIS Deputy Solicitor General
[1] The full text of RCW 19.28.010 is Attachment A.
[2] RCW 19.28.010(1) indicates that telecommunications systems are treated differently from other electrical installations and are generally governed by separate statutes. These statutes are beyond the scope of this discussion.
[3] The full text of Section 90-2 of the National Electrical Code is Attachment B.
[4] The full text of RCW 19.28.091 is Attachment C.
[5] The statute also provides that a licensed electrician or electrical contractor may lawfully contract to perform utility work which is otherwise exempt under subsection (2). RCW 19.28.091(3).
[6] Our purpose is to analyze the licensing exemption that is the subject of your question. We do not address whether, or in what circumstances, a person or entity performing the type of work described might be considered an — "employee — for various other purposes, such as entitlement to employee benefits, workers compensation, or tort liability.
[7] We understand that electrical work is commonly a specialty field or, more accurately, a group of specialty fields, and for construction work of any size, it is more typical for the general contractor to enter into subcontracts for electrical work than for the owner of the project (here, the utility) to contract directly for the electrical work.
[8] We note that many aspects of electrical construction by and for utilities are regulated by a separate statutory scheme. See RCW 19.29,19.29A. See also WAC 296-45 and the National Electric Safety Code. This scheme would be blurred if some utility work were governed by RCW 19.28
(see also WAC 296-46B and the National Electrical Code).
[9] In a given situation, there might be factual issues, of course, whether particular work is being performed by persons — "employed by the utility.