[No. 4591-9-III.   Division Three.   April 15, 1982.]

CARMEN JACKMAN, *Appellant*, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent*.

*Norman R. McNulty, Jr.,* of *Spokane Legal Services,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Gayle Ogden, Assistant,* for respondent.

ROE, J.—Appellant claimant Carmen Jackman was born January 9, 1963. She refuses to live in the family home with her mother, with whom she has a good relationship and who would welcome her back. She left home while a minor and began living with her 16–year–old boyfriend, a school dropout who has no income. She refuses to go to a foster home or live with any other relative. She is not attending school. She and her friend receive food stamps of over $100 per month plus supplemental social security of $39.10. She demands public assistance. She claims she is emancipated by her leaving home, even though she is unable to support herself.

Her reason for leaving home is that she prefers her own

lifestyle of living with this young boy as a CUPOS (cohabiting unmarried persons of opposite sex).[1]

■ She was denied public assistance and requested an administrative hearing. The hearing examiner also denied public assistance but rendered a decision certifying her for noncontinuing general assistance (GAN) effective the day she entered Training Youth Employment (TYE). She would also be eligible when she reaches age 18, which she was at the time of the argument before this court. The facts are not in dispute but the issue raised is as to the propriety of the inferences drawn from the raw facts and to the meaning of the statutory terms. This is a mixed question of law and fact and is reviewed pursuant to RCW 34.04-.130(6)(d), the error of law standard. *Daily Herald Co. v. Department of Employment Security,* 91 Wn.2d 559, 561, 588 P.2d 1157 (1979), citing *Leschi Improvement Council v. State Highway Comm'n,* 84 Wn.2d 271, 283, 525 P.2d 774 (1974). Under that standard, this court exercises its inherent and statutory authority to make a de novo review independent of the agency's decision. *Daily Herald Co., supra; Brandley v. Department of Employment Security,* 23 Wn. App. 339, 342, 595 P.2d 565 (1979); *Weyerhaeuser Co. v. Department of Revenue,* 16 Wn. App. 112, 115, 553 P.2d 1349 (1976).

■ Under RCW 74.04.005(1) public assistance is defined as

aid to persons in need thereof for any cause, including services, medical care, assistance grants, disbursing orders, work relief, general assistance and federal–aid assistance.

Under RCW 74.12.010, a dependent child is

---

[1] "Courts have struggled with a descriptive term for such a party. We note the acronym POSSLQ, used in the 1980 census, meaning 'Persons of Opposite Sex Sharing Living Quarters', which has been criticized because literally it included married couples and communal livers, neither of which is a meretricious relationship. CUPOS has been suggested, originating from 'Cohabiting Unmarried Persons of Opposite Sex'." *In re Eggers,* 30 Wn. App. 867, 871 n.2, 638 P.2d 1267 (1982).

any child in need under the age of eighteen years who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of the parent, and who is with his father, mother, grandmother, grandfather, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, in a place of residence maintained by one or more of such relatives as his or their homes.

Claimant does not qualify under these provisions as a dependent child or one in need, but relies on RCW 74.12.330[2] which extends eligibility to a child otherwise eligible where a relative is unavailable or refuses to accept custody and the juvenile court fails to enter an order removing the child from the custody of the parent, relative or guardian having custody. The reliance is misplaced. That statute does not apply to her because her mother is available and willing to welcome her daughter back home.

Claimant asserts her mother is not available to accept custody because claimant is emancipated and has chosen not to live with her parents or relatives, whereas the Department contends claimant is not a dependent child because she has not been deprived of parental support or care according to the reasons listed. Under *Webster's Third New International Dictionary* (1969), "available" means "accessible or may be obtained". Here, her mother is accessible to accept custody of the claimant according to all of the testimony. It is the child who rejects the custodial arrangement.

*Berry v. Burdman,* 93 Wn.2d 17, 23, 604 P.2d 1288 (1980), reflects the program's objectives as stated by Congress:

encouraging the care of dependent children in their

---

[2]RCW 74.12.330:

"Notwithstanding the provisions of this chapter a child otherwise eligible for aid shall not be denied such assistance where a relative as specified in the social security act is unavailable or refuses to accept custody and the juvenile court fails to enter an order removing the child from the custody of the parent, relative or guardian then having custody."

own homes or in the homes of relatives by enabling each State to furnish financial assistance and rehabilitation and other services . . . to needy dependent children . . . to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self–support and personal independence consistent with the maintenance of continuing parental care and protection . . .

42 U.S.C.A. § 601 (1977).

It seems apparent Congress did not contemplate AFDC assistance to children who choose to leave their family and live on their own.

*Lawson v. Brown,* 349 F. Supp. 203 (W.D. Va. 1972), held that a child 16 or 17 not regularly attending school, married and therefore emancipated, was not included within the definition of dependent child and thus a state may choose to refuse aid to the families of such children for the benefit of these children. We find nothing in the AFDC statutory scheme which allows grants to such persons as the claimant. It would be contrary to the spirit of the act. The Department was correct in affirming the denial of AFDC assistance.

■ Claimant also contends she should be eligible for GAN. WAC 388–35–010(5)(b) limits eligibility under such regulation insofar as pertinent here to

minors who are not able to be placed in foster care and who are living outside the parental home and are attending school or a vocational training program approved by the CSO[3] in accordance with WAC 388–57–028.

Claimant was not attending school or a vocational training program though she has apparently enrolled. There was a suggestion in the record she was not attending because there may be no available openings. Since the opinion of the examiner following WAC 388–35–010(5)(b) would provide for assistance to claimant when she is attending the TYE program, the only question remaining is whether actual attendance is a reasonable requirement. We hold

---

[3]Community Services Office. WAC 388–07–005.

that it is. The purpose of this law is to make these children self–supporting. It may be that some would enroll in a school and never attend; thus, they would never achieve self–sufficiency. This fulfills the purpose of 42 U.S.C.A. § 601 (1977) cited in *Berry v. Burdman, supra.*

Claimant seeks welfare on her own terms which are contrary to the spirit of the AFDC program, namely, to keep children in the home. To grant her public assistance would be to encourage this pattern. She created her own need and had it in her capacity to return home and come within the program to receive grants within the purpose of the act. She is not permitted to dictate the terms of welfare. This court will do nothing to encourage minors who should be in school to leave their homes, live with their friends and become wards of the State.

Claimant relies on *Fecht v. Department of Social & Health Servs.*, 86 Wn.2d 109, 542 P.2d 780 (1975), which voided an over–age–50 restriction on GAN as an eligibility requirement exceeding statutory authority. She thus urges that since she would be eligible at age 18, a restriction for a needy person under 18 would be void per se. There can be no doubt that the law's solicitude for minors provides a rational relation for laws pertaining to them apart from those of majority age whether it be in the juvenile court or laws pertaining to civil disabilities for their protection. However, this is not an underage per se ineligibility requirement that she should be attending school or vocational training. It is not unreasonable in view of the public policy providing training to welfare recipients in order to reduce the public assistance rolls. Were we to adopt the position of the claimant rather than reduce the public assistance rolls, we would encourage high school age children to leave home without skills or jobs and to swell such rolls with no provision for training or self–sufficiency. That, this court will not do.

Judgment affirmed.

McINTURFF, C.J., and MUNSON, J., concur.