[No. 5100–1–II.   Division Two.   December 8, 1982.]

KAISER ALUMINUM & CHEMICAL CORPORATION, *Appellant,*
v. THE POLLUTION CONTROL HEARINGS BOARD,
*Respondent.*

*Joanne Henry*, for appellant.

*Keith D. McGoffin*, for respondent.

WORSWICK, J.—This is the latest skirmish to reach us in a continuing dispute between Kaiser Aluminum & Chemical Corporation (Kaiser) and the Puget Sound Air Pollution Control Agency (PSAPCA) concerning the validity and application of certain pollution control regulations. *See Puget Sound Air Pollution Control Agency v. Kaiser Aluminum & Chem. Corp.*, 25 Wn. App. 273, 607 P.2d 870 (1980). Kaiser appeals a judgment of the Pierce County Superior Court that affirmed an order of the Pollution Control Hearings Board. That order affirmed the imposition on Kaiser by the PSAPCA of a $250 civil penalty for a claimed violation of PSAPCA Regulation I, § 9.04, and the imposition of four such penalties of $250 each for claimed violations of PSAPCA Regulation I, § 9.11(a). We reverse, holding section 9.04 invalid on its face, and PSAPCA's application of section 9.11(a) invalid.

The undisputed facts are that a substantial quantity of alumina, a fine granular material, escaped from Kaiser's rail loading facility at the Port of Tacoma and was deposited on the ground. On January 5, 1979, the wind came up and blew some of the material across an adjacent road and onto private automobiles owned by employees of another Port tenant. Several such employees, who were working in a nearby trailer office, also complained of eye irritation. A PSAPCA inspector came to the scene and, on the basis of written complaints from six employees, caused the issuance of seven notices and orders of civil penalty of $250 each, alleging one violation of section 9.04 and six violations of section 9.11(a). The Pollution Control Hearings Board

affirmed the imposition of five civil penalties of $250 each.[1] The Superior Court affirmed.

■ Because the facts are undisputed, we review de novo under the error of law standard. RCW 34.04.130(6)(d); *Jackman v. Department of Social & Health Servs.*, 31 Wn. App. 526, 643 P.2d 889 (1982).

Kaiser contends that section 9.04 is invalid on its face because it exceeds the statutory authority of the agency. We agree.

■■ We begin by reiterating the familiar proposition that the regulation is presumed valid, the burden of overturning it is upon the party attacking it, and that burden is not met when the regulation is reasonably consistent with the statute being implemented. *Puget Sound Air Pollution Control Agency v. Kaiser Aluminum & Chem. Corp.*, *supra*. We hold that the burden has been met here.

The Washington clean air act, RCW 70.94, provides in relevant part as follows:

> 70.94.030 Definitions. . . .
> (1) "Air contaminant" means dust, fumes, mists, smoke, other particulate matter, vapor, gas, odorous substance, or any combination thereof.
> (2) "Air pollution" is presence in the outdoor atmosphere of one or more air contaminants *in sufficient quantities and of such characteristics and duration as is, or is likely to be, injurious* to human health, plant or animal life, or property, or which unreasonably interfere with enjoyment of life and property.

(Italics ours.)

> 70.94.040 Causing or permitting air pollution unlawful—Exception. Except where specified in a variance permit, as provided in RCW 70.94.181, *it shall be unlawful for any person* [knowingly] *to cause air pollution* or [knowingly] permit it to be caused in violation of this chapter, or of any ordinance, resolution, rule or regulation validly promulgated hereunder.

(Italics ours.) It is readily apparent that merely emitting

---

[1]Two of the alleged section 9.11(a) violations were dismissed by the Board for failure of the complaining employees to appear and testify.

particulate matter into the atmosphere is not proscribed. The law is offended only when the substance emitted has the characteristics of and is emitted for a duration which, together, create a harmful potential. Regulation I, § 9.04,[2] however, provides:

SECTION 9.04 PARTICULATE MATTER

It shall be unlawful for any person to cause or allow the discharge of particulate matter which becomes deposited upon the real property of others, . . .

On its face, this regulation makes conduct unlawful which the enabling statute does not; the statute simply does not proscribe the mere emission of particulate matter.

PSAPCA argues that section 9.04 must be read along with its other regulations and in view of the purposes of the statute. When it is so read, PSAPCA asserts, its validity is apparent. We disagree. We have searched the other regulations for any provisions which would provide a standard for the application of section 9.04. We have found none. Moreover, PSAPCA's argument is tantamount to an assertion that, because the statute itself contains requisite standards, such standards are to be read into the regulation by the court. This is a novel but unpersuasive argument. We hold, as we did in *Puget Sound Air Pollution Control Agency v. Kaiser Aluminum & Chem. Corp., supra,* that section 9.04 is invalid because it purports to make unlawful "a standard of conduct less culpable than that condemned by the act itself." *Kaiser,* 25 Wn. App. at 277.

Regulation I, § 9.11(a) provides:

SECTION 9.11 EMISSION OF AIR CONTAMINANT OR WATER VAPOR: DETRIMENT TO PERSON OR PROPERTY

---

[2]These regulations were adopted under the provisions of RCW 70.94.141, which provides:

"70.94.141 Powers and duties of city, town, county or board of activated authority. The board of any activated authority in addition to any other powers vested in them by law, shall have power to:

"(1) Adopt, amend and repeal its own ordinances, resolutions, or rules and regulations, as the case may be, *implementing this chapter and consistent with it,* after consideration at a public hearing held in accordance with chapter 42.32 RCW." (Italics ours.)

(1) It shall be unlawful for any person to cause or permit the emission of an air contaminant or water vapor, including an air contaminant whose emission is not otherwise prohibited by this Regulation, if the air contaminant or water vapor causes detriment to the health, safety or welfare of any person, or causes damage to property or business.

Kaiser concedes that this regulation is consistent with the statute but asserts that PSAPCA's application—alleging a separately punishable violation for each person claiming to be injured—is invalid. Again, we agree.

▮ RCW 70.94.431 prescribes penalties for violations.[3] It provides in relevant part:

Additional or alternative penalty—Enforcement. In addition to or as an alternate to any other penalty provided by law, any person who violates any of the provisions of chapter 70.94 RCW or any of the rules and regulations of the department or the board shall incur a penalty in the form of a fine in an amount not to exceed two hundred fifty dollars per day for each violation. Each such violation shall be a separate and distinct offense, and in case of a continuing violation, each day's continuance shall be a separate and distinct violation.

PSAPCA argues that, because section 9.11(a) only makes unlawful those emissions which cause detriment to persons, the detriment, not the emission, is the violation.[4] The short and complete answer is that, as to a single emission within a single day, as here, the statute plainly states that the emission, and not the harm it may cause, is the violation. If the Legislature meant otherwise, it would have said so.

We hold that Kaiser is liable for one civil penalty of $250 for violation of Regulation I, § 9.11(a) only. No penalties

---

[3]PSAPCA's Regulation I, § 3.29, dealing with penalties, follows the statutory language.

[4]We here note with interest that, notwithstanding Kaiser's concession, section 9.11(a) is *not* consistent with the statute. In this instance, the regulation is more restrictive. The statute defines a violation as an emission with *potential* for detriment (*see* RCW 70.94.030(2)), whereas section 9.11(a) defines it as requiring actual detriment.

may be assessed under section 9.04 which we hold invalid. Reversed.

REED, C.J., and PETRIE, J., concur.