[No. 14798-3-III.    Division Three.    May 2, 1996.]
Inland Foundry Company, *Appellant*, v. Spokane County Air Pollution Control Authority, *Respondent.*

*Eric K. Nayes*, for appellant.

*Thomas F. Kingen* and *Perkins, Coie*, for respondent.

THOMPSON, J. — Inland Foundry Company, Inc., operates a ferrous foundry in Spokane County. In 1992, the Spokane County Air Pollution Control Authority (SCAPCA) billed Inland an annual facility fee, an inspection fee and emission fees. The fees were assessed in accordance with SCAPCA regulations which classified foundries as air contaminant sources and established a method for calculating assessments. When Inland refused to pay the fees, SCAPCA issued an order of payment. Inland challenged the order and the regulations in an appeal to the Pollution Control Hearings Board (PCHB). In summary judgment proceedings, the PCHB upheld the regulations and order. On appeal to superior court, the PCHB's decision was affirmed. We reverse and remand to the PCHB for further proceedings.

## STANDARD OF REVIEW

Both Inland and SCAPCA moved for summary judgment in the PCHB's proceedings. Accordingly, this court engages in the same inquiry as the PCHB. In doing so, review is confined to the administrative record. A summary judgment is appropriate only when there is no genuine issue as to any material facts and the moving party is

entitled to judgment as a matter of law. *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990).

Judicial review of rules adopted by an activated air pollution control authority such as SCAPCA is governed by Part V of RCW Chapter 34.05, the Administrative Procedure Act (APA). RCW 70.94.141(1). Therefore, although SCAPCA is a municipal corporation,[1] its rules are reviewed under the APA in the same manner as rules of a state agency. When reviewing a rule under the APA,[2] the court shall declare the rule invalid only if it finds that it violates constitutional provisions, exceeds the statutory authority of the agency, was adopted without compliance with statutory rule–making procedures, or it is arbitrary and capricious. RCW 34.05.570(2)(c).

## CLASSIFICATION REGULATION AND ENABLING STATUTE

SCAPCA regulated Inland as a member of the class of air contaminant sources it described as "casting facilities and foundries, ferrous and nonferrous." The classification was established in SCAPCA Regulation I, Article IV, Section 4.01, which states:

> Under the authority of 70.94.151 RCW, the classes of air contaminant sources listed in Exhibit "R" below are regulated by the Authority. An air contaminant source whether publicly or privately owned shall register with the Authority unless a written exemption is issued by the Authority. An air contaminant source established after the adoption of this Section shall register prior to commencing operations. Registration information shall be updated annually thereafter.

The board of any activated air pollution control author-

---

[1] RCW 70.94.081 states that an activated air pollution control authority shall be deemed a municipal corporation. SCAPCA is an activated air pollution control authority.

[2] The APA definition of "rule" includes "any agency order, directive, or regulation of general applicability . . . the violation of which subjects a person to a penalty or administrative sanction[.]" RCW 34.05.010(15).

ity has the power to adopt, amend and repeal its own rules and regulations to implement Washington's Clean Air Act, so long as they are consistent with the Act and in accordance with chapter 42.30 RCW.[3] RCW 70.94.141(1).

Specific authority to classify air contaminant sources is found in former RCW 70.94.151.[4] It states in relevant part:

> (1) The board of any activated authority . . . may classify air contaminant sources, by ordinance, resolution, rule or regulation, which in its judgment may cause or contribute to air pollution, *according to levels and types of emissions and other characteristics* which cause or contribute to air pollution, and may require registration or reporting or both for any such class or classes. Classifications made pursuant to this section may be for application to the area of jurisdiction of such authority, or the state as a whole or to any designated area within the jurisdiction, and shall be made *with special reference to effects on health, economic and social factors, and physical effects on property.*

(Emphasis added.)

Inland concedes that SCAPCA has the authority under RCW 70.94.151 to classify air contaminant sources, but asserts that SCAPCA went beyond its authority by classifying sources without regard to levels and types of emissions and without special reference to effects on health, economic and social factors, and physical effects on property. According to Inland, SCAPCA's regulation simply lists air contaminant sources by type of business activity.

■ SCAPCA contends, and the PCHB concluded, that SCAPCA's regulation classifying air contaminant sources was "properly promulgated" under RCW 70.94.141 and RCW 70.94.151(1). However, there is nothing in the administrative record from which it can be determined whether SCAPCA considered the statutory criteria when it adopted the challenged regulation and we cannot

---

[3]Ch. 43.20 RCW is the Open Public Meetings Act.

[4]RCW 70.94.151 was amended in 1993 to add a paragraph of no significance to the issues in this appeal. LAWS OF 1993, ch. 252, § 3.

ascertain whether it did from the language of the regulation itself. Although SCAPCA contends it relied on federal and state law and documents in enacting the regulation, there is nothing in the administrative record to so indicate.[5] Meaningful review cannot be completed in the absence of an adequate record.

The sole source of factual information before the PCHB was the affidavit of Kelle Vigeland, an environmental engineer working for SCAPCA. Her affidavit is limited to information regarding her inspection of Inland, the factors and methods used to calculate Inland's emissions, and the basis for Inland's fee assessments. Although the affidavit supports SCAPCA's contention that its classification system, as applied to Inland, took into account the level and types of its emissions, it does not address Inland's broader challenge.

A court examines the actions of an agency to ensure that they were undertaken after proper consideration of appropriate facts. Although the court need not, and generally should not, substitute its judgment for that agency, it must make certain that judgment was in fact exercised properly and fairly. *Cf. Neah Bay Chamber of Commerce v. Department of Fisheries*, 119 Wn.2d 464, 475, 832 P.2d 1310 (1992).

Based on the record before the PCHB, SCAPCA was not

---

[5]The regulation at issue appears to have been adopted sometime between January, 1991 and February, 1992. If this is correct, at least one source of information cited by SCAPCA, 57 Fed. Reg. 31576, was adopted after the SCAPCA regulation. Although post–enactment support may supplement an administrative record, it cannot replace it.

We also note that a state agency is required to maintain a rule–making file for each regulation proposed or adopted and the lack of such file may itself constitute a sufficient reason to invalidate a regulation. RCW 34.05.370(1). SCAPCA, a municipal corporation, is not governed by RCW 34.05.370(1). However, its failure to make any rule–making information available to the PCHB is inexplicable.

entitled to judgment as a matter of law as to the challenged regulation classifying air contaminant sources.

## FEE ASSESSMENT REGULATION AND ENABLING STATUTE

We turn next to Inland's challenge to SCAPCA's fee assessment regulation. According to Inland, SCAPCA cannot require it to pay a fee until it is properly classified as an air contaminant source, and SCAPCA is only authorized to assess a single fee, not three fees.

SCAPCA Regulation I, Article X, Section 10.06 provides for fees for the initial registration of an air contaminant source and annual fees thereafter. These are referred to as "facility fees." The regulation also provides for fees for the inspection of emissions based on the number of emission points, as well as fees based on annual emissions. According to the affidavit of Ms. Vigeland, fees are segregated into components so that small air contaminant sources do not pay for the cost of administering programs for larger, more complex sources.

Pursuant to Regulation I, Article X, Section 10.06, Inland was assessed a $50 facility fee based on its registration as an air contaminant source. Inland was also assessed an inspection fee of $60 for two emission points and an emission fee of $72 based on 7.2 tons of PM 10 emissions on an annual basis. SCAPCA based the facility fee on RCW 70.94.151(1) and the latter two fees on RCW 70.94.151(2).

RCW 70.94.151(1) is set forth previously in this opinion. RCW 70.94.151(2) allows an activated air pollution control authority to recover the costs associated with the registration of air contaminant sources. It states in pertinent part:

> Any person operating or responsible for the operation of air contaminant sources of any class for which the . . . regulations of the . . . authority, require registration and reporting shall register therewith and make reports containing information as may be required . . . concerning location, size and

height of contaminant outlets, processes employed, nature of the contaminant emission and such other information as is relevant to air pollution and available or reasonably capable of being assembled. The [authority] may require that such registration be accompanied by a fee and may determine the amount of such fee for such class or classes: PROVIDED, That the amount of the fee shall only be to compensate for the costs of administering such registration program which shall be defined as initial registration and annual or other periodic reports from the source owner providing information directly related to air pollution registration, on–site inspections necessary to verify compliance with registration requirements, data storage and retrieval systems necessary for support of the registration program, emission inventory reports and emission reduction credits computed from information provided by sources pursuant to registration program requirements, staff review, including engineering analysis for accuracy and currentness, of information provided by sources pursuant to registration program requirements, clerical and other office support provided in direct furtherance of the registration program, and administrative support . . . .

■■ As is apparent, RCW 70.94.151(2) does not expressly state that an authority may assess fees in the manner that SCAPCA did. However, SCAPCA's authority is implied from the language which allows for the recovery of costs associated with the air contaminant source registration program and which acknowledges that the program includes on–site inspections, emission inventory reports, and engineering analysis. SCAPCA's cost recovery scheme is fairly implied in or incident to the powers expressly granted in RCW 70.94.151. Further, SCAPCA's recovery scheme is consistent with and in furtherance of the declared objects and purposes of the Washington Clean Air Act. RCW 70.94.141. Inland has not shown that it conflicts with any state statute. A municipal regulation is deemed to conflict with a statute if it forbids that which a statute permits or permits that which a statute forbids. *See Employco Personnel Servs., Inc. v. City of Seattle*, 117 Wn.2d 606, 618, 817 P.2d 1373 (1991) (citing *City of Bellingham v. Schampera*, 57 Wn.2d 106, 356 P.2d 292, 92

A.L.R.2d 192 (1960)). Although SCAPCA has three components to its air contaminant source fee, it is, in effect, a "fee" assessed annually and impliedly authorized by RCW 70.94.141 and RCW 70.94.151.

We reverse the superior court judgment and remand to the PCHB for further proceedings relating to Inland's challenge to SCAPCA's classification regulation.

SWEENEY, C.J., and SCHULTHEIS, J., concur.

Reconsideration denied December 4, 1996.

Review denied at 131 Wn.2d 1025 (1997).