[No. 18110-3-III.    Division Three.    November 30, 1999.]

INLAND FOUNDRY COMPANY, INC., *Appellant,* v. SPOKANE COUNTY AIR POLLUTION CONTROL AUTHORITY, *Respondent.*

*Eric K. Nayes*, for appellant.
*Thomas F. Kingen* of *Perkins Coie, L.L.P.*, for respondent.

SWEENEY, J. — We are asked to again visit this ongoing dispute between Inland Foundry Company, Inc. (Inland) and the Spokane County Air Pollution Control Authority (SCAPCA).[1] The dispositive question here is whether Inland can challenge a SCAPCA regulatory classification before the Pollution Control Hearings Board (PCHB). We conclude it cannot and therefore affirm the trial court's decision affirming the PCHB.

## FACTS

The underlying litigation started after SCAPCA imposed a $182 registration fee on Inland. Inland refused to pay and appealed to PCHB. Inland contended that SCAPCA was required by its enabling statute to classify Inland as a pollution source before it could collect the registration fee. Inland also argued that SCAPCA failed to consider statutorily required factors in promulgating the rule classifying air polluters.

The PCHB concluded that SCAPCA's regulation was properly promulgated and granted summary judgment to SCAPCA.

---

[1]*Inland Foundry Co. v. Spokane County Air Pollution Control Auth.*, 82 Wn. App. 67, 915 P.2d 537 (1996).

Inland petitioned for review to the superior court, which affirmed the summary judgment. The Court of Appeals granted Inland's petition for review. In a published opinion, we reversed the summary judgment. *Inland Foundry Co. v. Spokane County Air Pollution Control Auth.*, 82 Wn. App. 67, 915 P.2d 537 (1996) (*Inland* I). In *Inland* I, we held that there were genuine issues of material fact as to whether SCAPCA had properly promulgated the classification scheme. We concluded that the record was insufficient for appellate review of the validity of the agency rule. We remanded for further proceedings by the PCHB to determine the validity of the rule. *Id.* at 74.

On remand, SCAPCA again moved for summary judgment. This time SCAPCA argued that it was entitled to summary judgment because Inland was precluded by the equitable doctrine of laches from challenging the classification. The PCHB concluded that it was without jurisdiction to review the validity of the rule, and that the doctrine of laches precluded Inland's challenge of the rule. The PCHB again granted summary judgment to SCAPCA.

Inland again petitioned for review to the superior court, which again affirmed the PCHB. Inland appeals and we take the opportunity to revisit *Inland* I.

## DISCUSSION

### A. Does the PCHB have jurisdiction to pass on the validity of a SCAPCA rule?

The PCHB expressed reservations as to its authority to pass on the validity of a SCAPCA rule. PCHB Record, Tab 2, at 9 n.2. Those concerns are well founded.

█ We review jurisdiction de novo. *Crosby v. Spokane County*, 137 Wn.2d 296, 301, 971 P.2d 32 (1999).

A tribunal's lack of subject matter jurisdiction may be raised by a party or the court at any time in a legal proceeding. RAP 2.5(a)(1); *Okanogan Wilderness League, Inc. v. Town of Twisp*, 133 Wn.2d 769, 788, 947 P.2d 732 (1997). Without subject matter jurisdiction, a court or administra-

tive tribunal may do nothing other than enter an order of dismissal. *Crosby*, 137 Wn.2d at 301.

■ *PCHB's Enabling Act.* An administrative review board has only the jurisdiction conferred by its authorizing statute. *Okanogan Wilderness*, 133 Wn.2d at 788-89. RCW 43.21B creates the PCHB.

RCW 43.21B.110 defines the PCHB's subject matter jurisdiction. Beside SCAPCA orders involving penalties and permits, the PCHB has jurisdiction over those decisions which "must be decided as an *adjudicative proceeding* under chapter 34.05 RCW." RCW 43.21B.110(1)(h) (formerly (1)(f)) (emphasis added). "The hearings board . . . shall have all powers granted to, an agency by those provisions of chapter 34.05 RCW relating to *adjudicative* proceedings." RCW 43.21B.160 (emphasis added).

■ The PCHB can review only questions of the *application* of rules and regulations in a particular case. The PCHB does not have jurisdiction to review the rule-making process. *City of Seattle v. Department of Ecology*, 37 Wn. App. 819, 822, 683 P.2d 244 (1984).

*SCAPCA's Enabling Act.* SCAPCA is a municipal corporation, not a state agency. RCW 70.94.081. However, SCAPCA's enabling statute specifically provides that judicial review of SCAPCA's rules is governed by Part V of the Administrative Procedure Act (APA), RCW 34.05. RCW 70.94.141(1).

*The APA.* Part V of the APA gives jurisdiction to review agency rule making to the superior court. RCW 34.05.-514(1). The petitioner can choose the venue, either in the county where the petitioner resides, where the affected property is located, or in Thurston County. RCW 34.05.-514(1); RCW 34.05.570(2)(b); *Dioxin/Organochlorine Ctr. v. Department of Ecology*, 119 Wn.2d 761, 770-71, 837 P.2d 1007 (1992).

SCAPCA's pollution source classification scheme was created in a rule-making, not an adjudicative, proceeding. RCW 70.94.151(1) ("The board of any activated authority

. . . may classify air contaminant sources, by ordinance, resolution, rule or regulation . . . ."). Therefore, the PCHB has no jurisdiction to review the validity of the rule and properly dismissed Inland's challenge. To the extent that Inland claims SCAPCA exceeded its statutory authority in promulgating the rule creating the classification scheme, Inland must bring its challenge in superior court. This it has not done.

Moreover, SCAPCA had no obligation to prove the regulation was valid in an adjudicative review before the PCHB. A regulation is presumed valid. So the burden of overturning it is upon the party attacking it. *Kaiser Aluminum & Chem. Corp. v. Pollution Control Hearings Bd.*, 33 Wn. App. 352, 354, 654 P.2d 723 (1982); *Puget Sound Air Pollution Control Agency v. Kaiser Aluminum & Chem. Corp.*, 25 Wn. App. 273, 276, 607 P.2d 870 (1980).

Inland offered no evidence that SCAPCA exceeded its statutory powers in promulgating the classification regulation. Absent such a showing by Inland, dismissal was appropriate. RCW 34.05.570(1)(a).

■ PCHB has no jurisdiction to hear a facial challenge to a SCAPCA rule. So to this extent, we overrule our holding in *Inland* I.

## B. Is SCAPCA's classification scheme lawful as applied to Inland?

■ The PCHB does have jurisdiction to decide the application of a rule. RCW 43.21B.110; *Dioxin/Organochlorine Ctr.*, 119 Wn.2d at 771.

Inland contends that SCAPCA violated RCW 70.94.151[2] because it failed to make an individual determination that Inland was a pollution source based on the factors listed in that statute. But the effect and purpose of RCW 70.94.151 is to authorize SCAPCA to promulgate a *rule* creating broad classes of air contaminant sources. In making this classification, SCAPCA must consider the effects of emissions

---

[2]RCW 70.94.151 grants SCAPCA authority to classify air contaminant sources.

from a proposed *class* of pollution source on health, economic and social factors, as well as the physical effects on property. The statute requires that this classification be accomplished by ordinance, resolution, rule or regulation. The statute does not govern the application of such ordinance, resolution, rule or regulation to an individual business. RCW 70.94.151(1).

The statute does not contemplate consideration of the listed factors on a case-by-case basis. And this is consistent with the purposes of RCW 70.94. The whole point of a general classification scheme is to eliminate the necessity for individual site inspections and evaluations. Having created a class with reference to the required considerations, SCAPCA can then identify its members by type of business and require the members to register and pay a registration fee. RCW 70.94.015(1). The factors have already been considered at the rule-making stage.

Inland concedes that it falls within the class of "casting facilities and foundries, ferrous and nonferrous." As a member of that class, Inland is required to register and is subject to the fee. RCW 70.94.151(2). SCAPCA was not required to justify the fee by individually assessing the health, economic, social and physical effects of Inland's particular emissions.

The PCHB therefore correctly concluded that the regulation was lawfully applied to Inland.

## C. Does the Doctrine of Laches Apply?

Finally, SCAPCA argues that Inland's arguments are barred by the doctrine of laches. The doctrine of laches does not apply here. Laches becomes an issue only if Inland challenges SCAPCA's classification regulation, in superior court, as required by the APA (RCW 34.05.514(1)). That has not happened.

We therefore affirm the superior court's judgment affirming the PCHB's order dismissing Inland's appeal.

SCHULTHEIS, C.J., and KATO, J., concur.

Reconsideration denied February 7, 2000.

Review denied at 141 Wn.2d 1007 (2000).