# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| THE AMERICAN WATERWAYS OPERATORS; CRUISE LINES INTERNATIONAL ASSOCIATION - NORTH WEST & CANADA; NORTHWEST MARINE TRADE ASSOCIATION; RECREATIONAL BOATING ASSOCIATION OF WASHINGTON AND UNCRUISE ADVENTURES, | No.  51547-4-II |
| Respondents, | |
| v. | |
| DEPARTMENT OF ECOLOGY, | PUBLISHED OPINION |
| Appellant, | |

WORSWICK, J. — This appeal arises from the Washington State Department of Ecology's application to the United States Environmental Protection Agency (EPA) for permission to engage in rule making to prohibit marine vessel sewage discharge into Puget Sound.  A section of Ecology's application was entitled "Certificate of Need," and claimed that Puget Sound required greater environmental protections than the federal standards provided.

The American Waterways Operators (the Operators) appealed the Certificate of Need to the Pollution Control Hearings Board.  Ecology moved to dismiss the appeal, arguing that the Board did not have jurisdiction over the Certificate of Need.  The Board agreed, and dismissed the appeal.  The Operators appealed to the superior court and the superior court reversed the

Board's order of dismissal. Ecology appealed from the superior court's decision reversing the Board.

We hold that the Board did not have jurisdiction to hear the Operators' appeal of the Petition's Certificate of Need. Accordingly, we reverse the superior court and affirm the Board's order dismissing the Operators' appeal.

FACTS

In 2016, Ecology sought to prohibit sewage discharge from all marine vessels in Puget Sound. Before a state agency can engage in rule making of this type, the agency must secure permission from the EPA. 33 U.S.C. § 1322(f)(3); 40 C.F.R. § 140.4. To obtain a complete prohibition of sewage discharge from vessels, the EPA requires an application that includes a "certification that the protection and enhancement of the waters described in the petition require greater environmental protection than the applicable Federal standard." 40 C.F.R. § 140.4.

Ecology filed a petition (the Petition) with the EPA for permission to regulate sewage discharge from vessels and designate Puget Sound as a "No Discharge Zone". Administrative Record (AR) at 7. The Petition included a required section entitled "Certificate of Need," explaining why Puget Sound required environmental protections greater than the federal standard.

After Ecology submitted the Petition to the EPA, the Operators appealed only the Petition's Certificate of Need to the Board. The Operators alleged that Ecology failed to establish that Puget Sound required greater environmental protection, and failed to provide a

scientific or technical basis for its determination that Puget Sound required greater protections than the federal standards provided. The Operators did not appeal the application as a whole.

Ecology moved to dismiss the Operators' appeal, arguing that the Board did not have jurisdiction over the Petition's Certificate of Need.[1] The Operators argued that because the Petition's Certificate of Need was a "certificate," the Board has jurisdiction to hear their appeal under RCW 43.21B.110(1)(d). AR at 403.

The Board granted Ecology's motion to dismiss, finding that "certificate" as used in RCW 43.21B.110 is "akin to licenses and permits, which provide an authorization to an applicant that is required by law for the applicant to proceed with an activity." AR at 720. In contrast, the Board found that the "EPA's use of the word 'certificate' in its regulations to describe the items required in a Petition for a [no-discharge zone] from a state [was] not determinative of the Board's jurisdiction." AR at 719.

The Board noted that Washington had discretion under the Clean Water Act (CWA)[2] to determine that it wants to protect its waters at a higher level than the federal standards provide. Consequently, the Board ruled that the Petition and its Certificate of Need was a discretionary act over which the superior court, not the Board, has jurisdiction.

---

[1] Ecology further argued that even if the Board had jurisdiction, the Board should dismiss the appeal based on the Operators' failure to name the EPA as an indispensable party, as required by WAC 371-08-340(2). WAC 371-08-340(2) provides that "[i]n every case, the agency whose decision is being appealed and the person to whom the decision is directed shall be named as parties." The Board did not address this argument, and Ecology does not offer related argument on appeal.

[2] 33 USC § 1251-1388.

In the meantime, the EPA granted Ecology's application for permission to engage in rule making and designate Puget Sound a no-discharge zone. Washington State Department of Ecology Prohibition of Discharges of Vessel Sewage; Final Affirmative Determination, 82 Fed. Reg. 11218 (Feb. 21, 2017).[3] The EPA's decision stated:

> This determination does not itself constitute the designation of a no-discharge zone, rather, the State of Washington may now in its discretion finalize its proposed designation in accordance with state law and take the steps it deems appropriate to implement and enforce the discharge prohibition.

82 Fed. Reg. at 11218-19. Since then, Ecology proceeded with its rule making process and enacted rules regarding sewage discharge in Puget Sound. *See* WAC 173-228-010 to -060.

The Operators appealed the Board's order of dismissal to the superior court. The superior court reversed the Board's order dismissing the Operators appeal. Ecology appeals.[4]

ANALYSIS

The Operators argue that the Board erred by ruling that it lacked jurisdiction over their appeal of the Petition's Certificate of Need. Specifically, they argue that the Board (1) has jurisdiction because RCW 43.21B.110(1)(d) grants the Board jurisdiction over "certificates," (2) has heard other appeals over certificates issued by Ecology related to § 401 of the CWA and to

---

[3] Washington State Department of Ecology Prohibition of Discharges of Vessel Sewage; Final Affirmative Determination, 82 Fed. Reg. 11218, accessible at https://www.epa.gov/sites/production/files/2017-02/documents/puget-sound-ndz-final-determination-02132017.pdf; 2017 WL 666017.

[4] The rules enacted after the EPA granted Ecology permission to engage in rule making are not the subject of this appeal.

the Coastal Zone Management Act (CZMA),[5] (3) relied on inapplicable authority, (4) is the only available forum to review the Certificate of Need, and (5) erred by finding that there are no objective standards for reviewing "Ecology's actions." Br. of Resp't at 29.

The Board's power to hear appeals is limited to adjudication—that is, resolving the specific rights of a specific person or persons. Because the portion of the Petition under the heading Certificate of Need does not address the specific rights of specific persons, it does not fall within the Board's jurisdiction. Consequently, the Board correctly dismissed the Operators' appeal.[6]

A.      *Legal Background—Clean Water Act & Vessel Discharge*

The CWA prohibits states from adopting or enforcing regulations related to sewage discharge from vessels. 33 USC § 1322 (f)(1)(A). A state may, however, prohibit vessels from discharging sewage if the state "determines that the protection and enhancement of the quality of some or all of the waters within such State require greater environmental protection" and the EPA determines that adequate facilities for the safe and sanitary removal and treatment of

---

[5] 16 USC. § 1456.

[6] After receiving the parties' briefing, we requested supplemental briefing regarding whether the Operators' appeal is moot. A case is moot if a court can no longer provide effective relief. *Westerman v. Cary*, 125 Wn.2d 277, 286, 892 P.2d 1067 (1994). A court cannot provide an effective remedy where a party seeks to prevent an activity that has already occurred. *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014). After further consideration, we determined not to address the mootness issue because the Board did not have jurisdiction to hear the appeal.

No. 51547-4-II

sewage from all vessels are reasonably available.[7]  33 USC § 1322(f)(3).  To prohibit discharge,

the state must apply to the EPA for permission.  33 USC § 1322(f)(3); 40 CFR § 140.4.

40 C.F.R. § 140.4 implements 33 USC § 1322(f)(3), and provides the requirements for

the state's application.  A state's application must include the following:

> (1) A certification that the protection and enhancement of the waters described in the petition require greater environmental protection than the applicable Federal standard;

> (2) A map showing the location of commercial and recreational pump-out facilities;

> (3) A description of the location of pump-out facilities within waters designated for no discharge;

> (4) The general schedule of operating hours of the pump-out facilities;

> (5) The draught requirements on vessels that may be excluded because of insufficient water depth adjacent to the facility;

> (6) Information indicating that treatment of wastes from such pump-out facilities is in conformance with Federal law; and

> (7) Information on vessel population and vessel usage of the subject waters.

40 C.F.R. § 140.4.

Upon receipt of a state's application, the EPA is tasked with evaluating the reasonable

availability of pump-out facilities.  40 CFR § 140.4.  The EPA does not "review a State's

---

[7] Facilities for the safe and sanitary removal and treatment of sewage are referred to as "pump-out facilities."  *See* 40 CFR § 140.4; Washington State Department of Ecology Prohibition of Discharges of Vessel Sewage; Final Affirmative Determination, 82 Fed. Reg. at *11220.

6

findings or substitute its judgment for that of a petitioning State regarding the need for greater environmental protection." Br. of Appellant (Dep't of Ecology) at 7.[8]

B.     *Board's Adjudicative Authority*

The Operators argue that the Board has jurisdiction to hear their appeal of the Petition's Certificate of Need because RCW 43.21B.110(1)(d) provides jurisdiction over appeals of certificates. We disagree.

1.  *Legal Principles of Review*

We review the Board's decisions under the Administrative Procedure Act (APA).[9] *Port of Seattle v. Pollution Control Hr'gs Bd.*, 151 Wn.2d 568, 587, 90 P.3d 659 (2004). We sit in the same position as the superior court, and we review the record before the Board. *Hamilton v. Pollution Control Hearings Bd.*, 5 Wn. App.2d 271, 281, 426 P.3d 281 (2018).

Under the APA, we may grant relief from the Board's order based on one of nine reasons listed in RCW 34.05.570(3), including that the order (1) is outside the Board's authority, (2) is based on an erroneous interpretation or application of the law, or (3) is arbitrary and capricious. RCW 34.05.570(3)(b), (d), (i). The party challenging the Board's decision has the burden of demonstrating the invalidity of that decision. RCW 34.05.570(1)(a).

Whether an issue falls within the scope of the Board's adjudicative powers is an issue of statutory interpretation that we review de novo. *Port of Seattle*, 151 Wn.2d at 592-93. Our

---

[8] EPA's response to the Petition is accessible at https://www.epa.gov/sites/production/files/2017-02/documents/puget-sound-ndz-response-to-comments-01192017.pdf; *see* 33 USC § 1322; *see also* 40 CFR § 140.4.

[9] Ch. 34.05 RCW.

fundamental objective in statutory interpretation is to give effect to the legislature's intent. *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). If a statute's meaning is plain on its face, then we give effect to that plain meaning as an expression of legislative intent. *Dep't of Ecology*, 146 Wn.2d at 9-10.

2. *RCW 43.21B.110*

The Board is a quasi-judicial body, tasked with adjudicating environmental appeals. RCW 43.21B.010; *Port of Seattle*, 151 Wn.2d at 592. The Board has only the power granted to it by the legislature. *Rosemere Neighborhood Ass'n v. Clark County*, 170 Wn. App. 859, 873, 290 P.3d 142 (2012); *Inland Foundry Co. v. Spokane County Air Pollution Control Auth.*, 98 Wn. App. 121, 124, 989 P.2d 102 (1999).

In creating the Board, the legislature granted the Board certain adjudicatory functions, but it left rule making, interpretive, and enforcement functions with Ecology. *Port of Seattle*, 151 Wn.2d at 592; RCW 43.21B.010, .240. Ecology's authority to engage in rule making includes "'everything lawful and necessary'" to effectively execute the power. *Rosemere Neighborhood*, 170 Wn. App. at 873 (quoting *Tuerk v. Dep't of Licensing*, 123 Wn.2d 120, 125, 864 P.2d 1382 (1994)).

RCW 43.21B.110 defines the Board's subject matter jurisdiction. Under RCW 43.21B.110(1), the Board has jurisdiction to hear and decide appeals from certain enumerated "decisions" of Ecology and other environmental agencies relating to legal rights or interests of a specific person or persons. *Hamilton*, 5 Wn. App.2d at 281; *see Inland Foundry*, 98 Wn. App. at 124. Relevant here, RCW 43.21B.110(1)(d) provides that the Board has jurisdiction to hear

appeals from decisions related to "the issuance, modification, or termination of any permit, certificate, or license by [Ecology]."

The Board's authority to hear appeals is limited by the provisions of chapter 34.05 RCW relating to adjudicative proceedings. RCW 43.21B.160. The "[Board] can only review questions of the *application* of rules and regulations in a particular case." *Inland Foundry*, 98 Wn. App. at 124. The Board does not have jurisdiction to hear appeals of Ecology's rule making proceedings. *Inland Foundry*, 98 Wn. App. at 124; *see* RCW 34.05.410(2).

3. *Adjudicative Proceedings and Rule Making Proceedings*

The Operators argue that the Board has jurisdiction over its appeal of the Certificate of Need because RCW 43.21B.110(1)(d) provides jurisdiction over the issuance of any certificate. Ecology argues that the Petition's Certificate of Need was a predicate to rule making and that the Board does not have jurisdiction to hear appeals from Ecology's rule making process. We agree with Ecology.

Both the Operators and Ecology agree that the Board lacks jurisdiction to hear appeals from Ecology's legislative activities, like rule making. Further, the parties agree that Ecology was required to ask the EPA for permission to engage in rule making related to vessel discharges and that Ecology did so in the Petition. However the parties disagree as to the characterization of the Certificate of Need. Accordingly, we must first determine whether the Certificate of Need is the type of decision that falls under the Board's adjudicative powers or whether it was part of Ecology's rule making process.

9

The APA defines rule making and adjudication. RCW 34.05.310, -.395; RCW 34.05.410, -.494. "Rule making" is the "process for formulation and adoption of a rule." RCW 34.05.010(18); *see City of Vancouver v. Pub. Emp. Relations Comm'n*, 180 Wn. App. 333, 362, 325 P.3d 213 (2014). A "rule" is

> any agency order, directive, or regulation *of general applicability* (a) the violation of which subjects a person to a penalty or administrative sanction; (b) which establishes, alters, or revokes any procedure, practice, or requirement relating to agency hearings; (c) which establishes, alters, or revokes any qualification or requirement relating to the enjoyment of benefits or privileges conferred by law; (d) which establishes, alters, or revokes any qualifications or standards for the issuance, suspension, or revocation of licenses to pursue any commercial activity, trade, or profession, or (e) which establishes, alters, or revokes any mandatory standards for any product or material which must be met before distribution or sale.

RCW 34.05.010(16) (emphasis added).

On the other hand, an adjudicative proceeding is one where an opportunity for a hearing is required "before or after the entry of an order by the agency." RCW 34.05.010(1). The result of an adjudicative proceeding is an "order." *City of Vancouver*, 180 Wn. App. at 362. An "'[o]rder,' without further qualification, means a written statement of particular applicability that finally determines the legal rights, duties, privileges, immunities, or other legal interests *of a specific person or persons*."[10] RCW 34.05.010(11)(a) (emphasis added). Therefore, the APA "plainly limits adjudication to resolving the rights and duties of specific persons." *Snohomish County Pub. Transp. Benefit Area v. Pub. Emp. Relations Comm'n*, 173 Wn. App. 504, 516, 294

---

[10] A "certificate" of the type contemplated by former RCW 43.21B.110(1)(d) (2013) addresses specific rights of specific persons, and would fall within the definition of an "order." *See, e.g.*, RCW 90.03.330(1) (addressing Ecology's issuance of water right certificates to specific applicant); RCW 90.48.260 (addressing Ecology's issuance of § 401 certifications to specific applicants); *Hamilton*, 5 Wn. App.2d at 279-80; *Port of Seattle*, 151 Wn.2d at 591.

P.3d 803 (2013). Accordingly, the Board's jurisdiction to hear appeals of certificates issued by Ecology is limited to those appeals addressing the rights and duties of specific persons.

The Petition's Certificate of Need is a declaration of Ecology's position on the importance of Puget Sound and Ecology's desire to restore water quality. It lacks the fundamental characteristics of an adjudicative decision. It does not particularly address the rights or other legal interests of any specific person or persons.

Moreover, as discussed above, the Board has adjudicatory authority, and adjudications are limited to "resolving the rights and duties of specific persons." *Snohomish County Pub.*, 173 Wn. App. at 516. And Ecology did not issue the Petition, including the Certificate of Need, to a specific person or project, or at the request of a specific person or project. Because the Certificate of Need does not determine the legal rights or interests of specific persons, it is not subject to adjudication by the Board under the APA.

The Petition was a part of Ecology's rule-making process. Specifically, it was Ecology's request to the EPA for permission to engage in rule making. 33 U.S.C. § 1322; 40 CFR § 140.4. As such, the Petition, including the Certificate of Need, was a prerequisite to Ecology's rule making. 33 U.S.C. § 1322; 40 CFR § 140.4; 82 Fed. Reg. at 11218, 2017 WL 666017. The Board does not have jurisdiction to hear appeals of Ecology's rules or rule making process. *Inland Foundry*, 98 Wn. App. at 124; *see* RCW 34.05.410(2). Because the Petition's Certificate of Need was part of Ecology's rule making process, the Board did not have jurisdiction to hear the Operators' appeal of it.

The Operators argue that RCW 43.21B.110 does not limit the Board's jurisdiction to appeals from decisions related to a specific individual or project. But the legislature has clearly limited the Board's authority to hear appeals to adjudicative proceedings. RCW 43.21B.160. And adjudicative proceedings concern specific rights of specific parties. RCW 34.05.010(1); *City of Vancouver*, 180 Wn. App. at 362. The Operators' argument is contrary to the legislature's grant of adjudicative authority and, therefore, fails. *See* RCW 34.05.410(2); RCW 43.21B.160; *see also Inland Foundry*, 98 Wn. App. at 124.

C.    *Other Certificates*

The Operators argue that the Board has jurisdiction over the Certificate of Need because it has heard appeals of other certificates issued by Ecology. The Operators refer to § 401 certifications[11] issued by Ecology, and to determinations on "consistency certifications" required by the CZMA.[12] Ecology argues that both § 401 certifications and determinations related to consistency certifications are distinguishable because those certifications are specific to a project, and are required by law for a specific applicant to proceed with an activity. We agree with Ecology.

The EPA has designated Ecology as "the state water pollution control agency" for purposes of the federal clean water act, including administering a permit system. RCW 90.48.260; WAC 173-226-010; *Port of Seattle*, 151 Wn.2d at 591. An applicant for a federal license for a project that will likely result in discharge into navigable waters in Washington must

---

[11] 33 USC § 1341.

[12] 16 USC. § 1456.

obtain state certification that the project and discharge will not violate state water quality standards.  33 U.S.C. §§ 1341(a)(1), 1313; *Port of Seattle*, 151 Wn.2d at 589.

Under the CZMA, project proponents applying to the Federal Energy Regulatory Commission for licensing must include a "consistency certification" that the project complies with the state's coastal zone management program.  *Skokomish Indian Tribe v. Fitzsimmons*, 97 Wn. App. 84, 86, 982 P.2d 1179 (1999); 16 U.S.C. § 1456.  The project proponent must submit the certification to the state, and the state can either concur or object to the certification.  16 U.S.C. § 1456(c)(1)(C), (3)(A); 15 C.F.R. § 930.57; *Skokomish Indian Tribe*, 97 Wn. App. at 86.

Both § 401 certifications and determinations on CZMA certifications are distinguishable from the Petition's Certificate of Need.  Unlike the Petition's Certificate of Need, both § 401 certifications and determinations on CZMA certifications address the rights or other legal interests of a specific party or project.  As discussed above, the Board has jurisdiction to hear appeals from decisions addressing the specific rights or other legal interests of specific parties or projects. *See Inland Foundry*, 98 Wn. App. at 124.

The Operators also assert that Ecology "routinely issues programmatic certifications for Nationwide Permits that at the point of issuance are not connected with any particular individual or any particular project."  Br. of Resp't at 22.  A nationwide permit is a general permit issued by the United States Army Corps of Engineers, if an activity and applicant satisfy specific conditions, for certain activities regulated by the CWA that will presumptively have minimal environmental impacts.  33 C.F.R. § 330.1.  More importantly, a nationwide permit, like § 401 certifications and determinations on CZMA certifications, address the rights or other legal

interests of a specific party or project.  And as discussed above, the Board has jurisdiction to hear appeals from decisions addressing specific rights of specific parties or projects.

D.      *Other Forums*

The parties agree that the superior court has original jurisdiction over review of some agency actions.  The Operators argue that the Board is the only forum that can review the Certificate of Need.  They appear to argue that they cannot challenge the Certificate of Need in superior court as an "other agency action" under RCW 34.05.570 because those types of actions must be based on allegations of an agency failing to act.  Br. of Resp't at 26.  However, the Operators do not provide authority supporting this proposition.  "'Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.'"  *Hood Canal Sand & Gravel, LLC v. Goldmark*, 195 Wn. App. 284, 296-97, 381 P.3d 95 (2016) (quoting *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

The Board noted that the superior court has jurisdiction over discretionary agency acts. Under the APA, a party may challenge an agency's rules or "other agency action," including the agency's discretionary actions.  RCW 34.05.570(2)-(4).  The party may do so by filing a petition for review in superior court.  RCW 34.05.514; 34.05.570(4).

The Operators also argue that a challenge in superior court would have limited evidence and Ecology would be afforded significant deference.  They would prefer to have a hearing before the Board where Ecology would not receive deference and they could have a "trial-like"

proceeding. Br. of Resp't at 27. But the Operators' preferences cannot confer authority on the Board where the legislature has not done so.[13]

We hold that the Board did not err in determining that it did not have jurisdiction, reverse the superior court's order, and affirm the Board.

_____
Worswick, J.

We concur:

_____
Lee, A.C.J.

_____
Sutton, J.

---

[13] The Operators further argue that we should not "endorse Ecology's continued efforts to evade review of the Certificate of Need." Suppl. Br. of Resp't at 9 (capitalization omitted). The Operators contend that Ecology has sought to "draw out the litigation," evidenced by Ecology opposing the Operators' motion to stay and moving to dismiss for lack of jurisdiction. Suppl. Br. of Resp't at 9. The Operators appear to suggest that it was unfair for Ecology to engage in the adversarial proceeding that the Operators initiated in the forum that the Operators chose. The Operators have not provided any evidence that Ecology failed to do something it was required to do or that Ecology did something that it was not permitted to do. Thus, the Operators' policy argument fails.